UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTEC COMPANY, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>CHILISIN ELECTRONICS CORP., et al.,<br><br>    Defendants. | Case No. 18-cv-0939-PJH<br><br>**ORDER RE PROPOSED JURY INSTRUCTION REGARDING "BY MEANS OF" LIMITATION**<br><br>Re: Dkt. Nos. 186, 187, 189, 191 |

At the May 20, 2021 case management conference in the above-captioned case, Chilisin argued that there was "an open issue on the proper construction" of the "by means of" claim limitation and requested that the court reopen claim construction and conduct additional claim construction proceedings. Dkt. 181 at 1; Dkt. 188 at 10. Cyntec argued that there was no open issue because the court already determined during claim construction that the term should be given its plain and ordinary meaning, and that Chilisin was simply seeking another "bite at the apple." Dkt. 188 at 17.

The court directly rejected Chilisin's request to conduct additional claim construction proceedings. The court's minute order reflects the court's ruling that no additional claim construction proceedings will be held. See Dkt. 183. The court instead instructed the parties to file proposed jury instructions regarding the "by means of" limitation, with briefs in support of their argument and a response brief from each side.

Despite the court's clear instructions, Chilsin submitted a newly-proposed claim construction rather than a jury instruction. In a footnote, Chilisin concedes that it "provides only the proposed claim construction for the 'by means of' limitation" and that it intends to submit proposed jury instructions at a later time. Dkt. 187 at 1, n.1.

Chilisin's attempt to reopen claim construction is untimely and directly contrary to

the court's instructions at the case management conference.  The Federal Circuit has also made clear that "[o]nce a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1321 (Fed. Cir. 2009). Chilisin did not have permission to file a newly-proposed construction, nearly two years after the court construed the claims, and on that basis, Chilisin's proposal is DENIED.

Moreover, to the extent that Chilisin effectively seeks reconsideration of the court's claim construction order, it has not even attempted to make the required showing under Civil Local Rule 7-9(b), which requires the moving party to show "reasonable diligence in bringing the motion," in addition to newly discovered material facts, a change in law, or manifest failure to consider material facts or arguments.  Chilisin's proposal is further DENIED on this additional basis.

As set forth in the claim construction order, the term shall be given its plain and ordinary meaning.  Notwithstanding the above, the court has reviewed the cases cited by the parties, and concludes that more guidance to the jury regarding the "by means of" limitation may be required.  See Eon Corp. IP Holdings v. Silver Spring Networks, 815 F.3d 1314 (Fed. Cir. 2016); O2 Micro Int'l Ltd. v. Beyond Innovation Tech., 521 F.3d 1351 (Fed. Cir. 2008).  Such guidance would mirror the court's summary judgment ruling that "the hardness difference has an impact on the temperature but is not the only potential cause of a lower temperature." Dkt. 170 at 13.

Because neither party proposed a jury instruction that incorporated the court's summary judgment ruling regarding the "by means of" limitation, the court will not adopt a jury instruction at this time.  However, the parties are advised that any jury instruction that is not in conformance with the court's summary judgment ruling will be rejected.

**IT IS SO ORDERED.**

Dated:  June 17, 2021

    /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge