JAMES C. YOON (State Bar No. 177155)
jyoon@wsgr.com
RYAN R. SMITH (State Bar No. 229323)
rsmith@wsgr.com
ALBERT SHIH (State Bar No. 251726)
ashih@wsgr.com
CHRISTOPHER MAYS (State Bar No. 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 493-6811

LUCY YEN, State Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

CELINE LIU (State Bar No. 268990)
celine.liu@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone:  (202) 791-8800
Facsimile:  (650) 493-6811

*Attorneys for Plaintiff*
*CYNTEC COMPANY, LTD.*

Jamie L. Lucia (SBN 246163)
jlucia@steptoe.com
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: (415) 365-6711
Facsimile: (415) 365-6681

John L. Abramic (*pro hac vice*)
Katherine H. Johnson (*pro hac vice*)
Anna M. Targowska (*pro hac vice*)
Daniel F. Gelwicks (*pro hac vice*)
jabramic@steptoe.com
kjohnson@steptoe.com
atargowska@steptoe.com
dgelwicks@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

John M. Caracappa (*pro hac vice*)
Stanley Kuo (*pro hac vice*)
jcaracap@steptoe.com
skuo@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendants Chilisin Electronics Corp. and Chilisin America Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CYNTEC COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> Chilisin ELECTRONICS CORP., Chilisin AMERICA LTD., <br><br> Defendants. | CASE NO.: 4:18-cv-00939-PJH <br><br> **JOINT PRETRIAL STATEMENT** <br><br> Trial Date: August 23, 2021 <br> Time: 8:30 a.m. <br> Location: Courtroom 3, 3rd Floor <br> Judge: Hon. Phyllis J. Hamilton |

Pursuant to the Court's October 15, 2020 Case Management and Pretrial Order (Dkt. 175), Plaintiff Cyntec Company, Ltd. ("Plaintiff" or "Cyntec") and Defendants Chilisin Electronics Corp. and Chilisin America Ltd. (collectively, "Defendants" or "Chilisin") respectfully submit this Joint Pretrial Statement.

## I. BRIEF DESCRIPTION OF THE SUBSTANCE OF THE CLAIMS AND DEFENSES WHICH REMAIN TO BE DECIDED

### A. Cyntec's Position

This is a patent infringement action between Plaintiff Cyntec and Defendants Chilisin. Cyntec alleges that Chilisin willfully infringes U.S. Patent Nos. 8,922,312 ("the '312 Patent"), 9,481,037 ("the '037 Patent"), and 9,117,580 ("the '580 Patent") (collectively, the "Asserted Patents") under 35 U.S.C. § 271(a)-(c). Cyntec alleges that Chilisin infringes literally and under the Doctrine of Equivalents ("DOE"). Cyntec alleges that certain electronic choke devices that Chilisin makes, uses, sells, offers to sell, and/or imports into the United States infringe one or more claims of the Asserted Patents. The list of accused products for each Asserted Patent is attached hereto as Appendix A and will be collectively referred to herein as the "Accused Products." Cyntec alleges that the Accused Products infringe the following claims of the Asserted Patents (the "Asserted Claims"):

| Asserted Patent | Asserted Claims |
|---|---|
| '312 Patent | 1, 2, 5, 8, 10, and 18 |
| '037 Patent | 9, 12, and 20 |
| '580 Patent | 2, 3, and 5 |

### B. Chilisin's Position

Chilisin denies Cyntec's allegations of infringement and contends that Cyntec cannot meet its burden of proving that each and every claim limitation is met, either literally or under the doctrine of equivalents and that Cyntec cannot meet its burden to establish infringement in the United States. For Cyntec's indirect infringement claims, Chilisin contends that Cyntec cannot meet its burden to establish any act of indirect infringement under 35 U.S.C. §§ 271 (b) or (c) and that Cyntec cannot meet its burden to establish any underlying act of direct infringement

that would support any indirect infringement claim.  Chilisin further contends that because Cyntec does not have any evidence of willful infringement, Cyntec will not be able to establish willful infringement of any of the asserted patents.  Chilisin also contends that the asserted patents are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

## II. DETAILED STATEMENT OF ALL RELIEF SOUGHT, ITEMIZING ALL ELEMENTS OF DAMAGES CLAIMED

### A. Cyntec's Position

As set forth in Cyntec's Complaint and its Rule 26(a)(1) disclosures, Cyntec seeks both monetary and equitable relief.  Cyntec's damages expert has calculated damages through September 2019 of $1 million.[1]  Cyntec is also seeking an accounting past damages for infringement up to the date of the payment, along with pre-judgment and post-judgment interest.  Cyntec is also seeking injunctive relief to stop any future infringement.  To the extent that injunctive relief is not available, Cyntec is seeking an ongoing royalty for such future infringement.  Cyntec's Complaint identifies the following points of relief:

- An entry of judgment that Chilisin is willfully infringing the Asserted Patents;
- An injunction to stop Chilisin and those in privity with Chilisin from infringing the Asserted Patents;
- An award of damages in the form of lost profits and a reasonable royalty;
- A finding that the case is exceptional;
- An award of Cyntec's costs and reasonable attorney's fees permitted under 35 U.S.C. § 285;
- An accounting of Chilisin's infringing sales and revenues, along with prejudgment and post-judgment interest from the first date of infringement to the present; and,
- Any further relief that the Court may deem proper and just.

---

[1] Chilisin produced updated sales information for its Accused Products in March 2021 for sales through 2020 Q4.  Cyntec requests that Chilisin provide its updated sales data for sales of Accused Products through 2021 Q2 at least one month before trial begins.

Cyntec denies that any claims of the Asserted Patents are invalid, void, or unenforceable. Similarly, Cyntec denies that either the '312 or the '037 Patents are unenforceable due to inequitable conduct. Cyntec also denies that Chilisin is entitled to attorney fees, costs, or any other relief.

### B. Chilisin's Position

Chilisin disagrees that Cyntec is entitled to any of the relief it seeks and Chilisin instead seeks the following relief:

- An entry of judgment that Chilisin does not infringe and has not infringed, either individually or jointly, directly or indirectly, literally or under the doctrine of equivalents, any claims of the Asserted Patents;
- An entry of judgment that the Asserted Patents are invalid, void, and unenforceable;
- An entry of judgment that the '312 and '037 patents are unenforceable due to inequitable conduct;
- An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;
- An award of costs of suit; and
- Any other relief that the Court deems just and proper.

### III. STATEMENT OF ALL RELEVANT UNDISPUTED FACTS TO WHICH THE PARTIES WILL STIPULATE FOR INCORPORATION INTO THE TRIAL RECORD WITHOUT THE NECESSITY OF SUPPORTING TESTIMONY OR EXHIBITS

1. Plaintiff Cyntec is a Taiwanese corporation with its principal place of business at 2 R&D 2nd Road, Science-Based Industrial Park, Hsinchu 30076, Taiwan.

2. Defendant Chilisin Electronics Corp. is a Taiwanese corporation having a principal place of business at No. 29, Lane 301, Tehhsin Road, Hosin, Hukou Hsinchu 303, Taiwan.

3. Defendant Chilisin America Ltd. is a California company having a principal place of business at 2880 Zanker Road, Suite 203, San Jose, CA 95134.

4. U.S. Patent No. 8,922,312 is entitled "Electronic Device and Manufacturing Method Thereof," issued December 30, 2014, and is assigned to Cyntec. Wen-Hsiung Liao,

Roger Hsieh, Hideo Ikuta, and Yueh-Lang Chen are the named inventors on this patent.

5. U.S. Patent No. 9,481,037 is entitled "Electronic Device and Manufacturing Method Thereof," issued November 1, 2016, and is assigned to Cyntec. Wen-Hsiung Liao, Roger Hsieh, Hideo Ikuta, and Yueh-Lang Chen are the named inventors on this patent.

6. U.S. Patent No. 9,117,580 is entitled "Choke," issued August 25, 2015, and is assigned to Cyntec. Tsung-Chan Wu, Roger Hsieh, Yi-Min Huang, Lan-Chin Kuo, and Chia-Hui Lai are the named inventors on this patent.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On December 14, 2017, Cyntec sent Chilisin a letter concerning the Asserted Patents.

9. Chilisin received Cyntec's December 14, 2017 letter on or about December 17, 2017.

10. Cyntec and Chilisin are competitors. Both Cyntec and Chilisin sell chokes.

11. The Accused Products are chokes.

IV. **STATEMENT OF ALL RELEVANT DISPUTED FACTS WHICH REMAIN TO BE DECIDED**

1. Whether Chilisin has directly infringed any Asserted Claim literally or under the doctrine of equivalents.

2. Whether Chilisin has induced infringement of any Asserted Claim literally or under the doctrine of equivalents.

3. Whether Chilisin has contributed to another's infringement of any Asserted Claim literally or under the doctrine of equivalents.

4. Whether Chilisin's infringement was willful.

5. Whether Cyntec is entitled to damages for Chilisin's infringement of the Asserted Claims and, if so, the amount

6. Whether Cyntec is entitled to pre- and post-judgment interest.

7. Whether Cyntec is entitled to enhanced damages and, if so, the amount.

8. Whether Cyntec is entitled to its fees and costs and, if so, the amount.

9. Whether Cyntec is entitled to reasonable attorney fees and, if so, the amount.

10. Whether Cyntec is entitled to a permanent injunction.

11. Whether the Asserted Claims of the Asserted Patents are invalid as anticipated and/or obvious.

12. Whether the Asserted Claims of the Asserted Patents are invalid as indefinite.

13. Whether the Asserted Claims of the Asserted Patents are invalid for lack of enablement.

14. Whether Chilisin is entitled to its fees and costs and, if so, the amount.

15. Whether Chilisin is entitled to reasonable attorney fees and, if so, the amount.

## V. STATEMENT OF STIPULATIONS REQUESTED OR PROPOSED

1. The parties stipulate to the Undisputed Facts set forth above so that they need not be proven separately at trial.

2. The parties jointly request that the Court show the jury the latest version of the Federal Judicial Center video entitled "The Patent Process: An Overview for Jurors" (Nov. 22, 2013).

3. All documents produced by the parties in this case are deemed authentic under the Federal Rules of Evidence for purposes of this case, unless there is a specific objection to authenticity.

4. A certified translation of a foreign document is admissible to the same extent as the underlying foreign document, absent a specific objection regarding the reliability of the translation itself.

5. So that witnesses need only be called to the stand to testify once during the trial, the parties propose that the parties' respective fact witnesses may each be cross-examined beyond the scope of their respective direct examination testimony. The parties further stipulate that should a party decide not to call a witness live at trial, the opposing party shall have the opportunity to utilize deposition testimony from that witness, if they so choose and as permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

6. The parties have stipulated to a modified procedure for identifying exhibits for use during direct examination with a witness the party intends to call two calendar days before the witness testifies, and objections thereto the following day. Specifically, the parties have agreed as follows: "(1) for all exhibits that a party seeks to use during direct examination with a witness the party intends to call, the party will identify those exhibits by 7 p.m. two calendar days before the witness testifies and identify the witness's name at the same time (e.g., for a witness taking the stand on Wednesday, exhibits would be identified on Monday at 7 p.m. Pacific); the opposing party will submit its objections at 7 p.m. the day before the witness testifies; and the parties will meet and confer that day regarding those objections; the parties will attempt to raise unresolved objections with the Court the morning of the witness's testimony, if needed; (2) for any demonstratives and illustrative aids that a party seeks to use during direct examination with a witness the party intends to call, the party will identify those demonstratives and illustrative aids at 7 p.m. the night before the witness testifies; (3) inclusion of a document on one party's exhibit list does not waive any objections that party may have to use of that document as an exhibit at trial; and (4) documents produced in discovery by the parties are deemed authentic, unless there is a specific, legitimate reason to object to authenticity."

7. The parties have agreed to a modified procedure for resolving objections to opening statements. Specifically, the parties agreed as follows: "Each party will identify any objected-to exhibits that the party seeks to reference in its opening slides and demonstratives by noon the day before and the parties will then meet and confer to discuss the intended use of any objected-to exhibits in an effort to resolve those objections. Opening slides will not be exchanged in advance of the parties' opening statements."

8. The parties have agreed to a modified schedule for identifying deposition designations it intends to read or play two calendar days before offering those designations, and objections thereto the following day. Specifically, the parties

agreed as follows: "Each party will identify the deposition designations it seeks to read or play at 8 a.m. two calendar days before offering those designations into evidence; the opposing party will serve its objections to those designations and confirm which counter designations it is still asserting at 8 a.m. the following day; the parties will meet and confer that day to attempt to resolve the objections and any objections to the counter designations; and then the parties will attempt to raise unresolved objections with the Court the morning that the designation will be read or played to the jury, if needed."

9. The parties agree that summaries of financial information prepared by the parties' respective damages experts (the summary exhibits attached to the March 27, 2020 expert report of Bryan M. Van Uden and May 12, 2020 expert report of Richard F. Bero) are admissible at trial pursuant to Fed. R. Evid. 1006, and without any need for the underlying documents or data being admitted in evidence, provided that (1) this stipulation will not be argued to mean that a party agrees that any of the information in said summary exhibits is correct, and (2) any underlying or other data and documents relevant to cross or re-direct examination of the damages experts may be so used and offered for admission in evidence.

10. With the Court's permission, the parties agree that laptop computers, projectors, several cords, connections and demonstrative exhibit boards be allowed in the courtroom throughout the course of the trial.

## VI. BRIEF STATEMENT OF DISPUTED POINTS OF LAW CONCERNING LIABILITY AND RELIEF

### A. Cyntec's Position

1. Whether Chilisin infringes, either literally or under the doctrine of equivalents, Claims 1, 2, 5, 8, 10, and 18 of the '312 Patent under 35 U.SC. § 271(a), (b), and (c);

2. Whether Chilisin infringes, either literally or under the doctrine of equivalents, Claims 9, 12, and 20 of the '037 Patent under 35 U.SC. § 271(a), (b), and (c);

3. Whether Chilisin infringes, either literally or under the doctrine of equivalents, Claims 2, 3, and 5 of the '580 Patent under 35 U.SC. § 271(a), (b), and (c);

4. The amount of damages owed, including any enhanced damages under 35 U.S.C. § 284.

5. Whether Cyntec is entitled to lost profits damages, reasonable royalty damages, or a combination of both (and the amount of such damages including pre-judgment and post-judgment interest).

6. Whether Cyntec is entitled to a judgment that Chilisin has willfully infringed any Asserted Claim.

7. Whether, Cyntec is entitled to a judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Cyntec its costs, enhanced damages, and reasonable attorneys' fees.

8. Whether Cyntec is entitled to a permanent injunction for Chilisin's infringement.

9. Whether Cyntec is entitled to a judgment and order requiring Chilsin to give an accounting of all infringing sales and revenues, together with post-judgment and pre-judgment interest from the first date of infringement for the Asserted Patents.

10. Cyntec's position is that expert testimony must be limited to the scope of the expert report in accordance with Fed. R. Civ. Proc. 26. Any opinion that exceeds the permissive scope of the expert's report should be objectionable and not allowed into evidence in the event the objection is sustained.

11. Cyntec's position is that no party should argue or present evidence to the jury regarding any issues of law or equity upon which the jury will not be making a determination.

**B.   Chilisin's Position**

1. Whether Claims 1, 2, 5, 8, 10, and 18 of the '312 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103.

2. Whether Claims 9, 12, and 20 of the '037 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103.

3. Whether Claims 2, 3, and 5 of the '580 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103.

4. Whether Claims 1, 2, 5, 8, 10, and 18 of the '312 Patent are invalid as indefinite under 35 U.S.C. § 112.

5. Whether Claims 9, 12, and 20 of the '037 Patent are invalid as indefinite under 35 U.S.C. § 112.

6. Whether Claims 2, 3, and 5 of the '580 Patent are invalid as indefinite under 35 U.S.C. § 112.

7. Whether Claims 1, 2, 5, 8, 10, and 18 of the '312 Patent are invalid for lack of enablement under 35 U.S.C. § 112

8. Whether Claims 9, 12, and 20 of the '037 Patent are invalid for lack of enablement under 35 U.S.C. § 112.

9. Whether Claims 2, 3, and 5 of the '580 Patent are invalid for lack of enablement under 35 U.S.C. § 112.

10. Whether Chilisin is entitled to a judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Chilisin its costs and reasonable attorneys' fees.

**VII.   STATEMENT OF WHETHER BIFURCATION OR A SEPARATE TRIAL OF SPECIFIC ISSUES IS FEASIBLE AND DESIRED**

Cyntec requests bifurcation as to indefiniteness, inequitable conduct, unclean hands, and any other equitable defenses Chilisin asserts from the jury trial because they are issues for the Court to decide, and further that neither side should offer evidence or argument at trial as to these issues. The requested bifurcation will simplify and shorten the jury trial, use judicial resources most efficiently, and minimize jury confusion and prejudice. Cyntec also requests that its request for a permanent injunction be addressed through post-trial briefing as appropriate.[2]

---

[2] As noted in Cyntec's motions *in limine*, Cyntec believes that the Court has already resolved indefiniteness as to the '037 and '312 Patents. Chilisin should not be permitted to raise this defense as to these patents at trial. Cyntec also believes that Chilisin has either abandoned or, at a minimum failed to adequately plead, inequitable conduct and that this defense should also not be included in the trial.

1    Chilisin does not object to bifurcation as to inequitable conduct, unclean hands, or other
2    equitable defenses.[3]  Chilisin also agrees that arguments and evidence that <u>solely</u> relate to such
3    issues should not be offered into evidence at trial.  However, arguments and facts that may be
4    relevant to both equitable issues and factual issues for the jury should not be precluded.

5    Chilisin does not agree that indefiniteness should be bifurcated.  The Federal Circuit has
6    repeatedly held that where the question of indefiniteness is factual in nature, as it is in this case,
7    it is properly a question for the jury.[4]  The primary question in this case is whether a person of
8    skill in the art would have understood, with reasonable certainty, the relationship between the
9    claimed hardness difference and the lower formation temperature.  While the Court denied
10   Chilisin's motion for summary judgment, that ruling does not preclude the presentation of
11   evidence to the jury on this issue.

12   Chilisin does not object to addressing a request for a permanent injunction through post-
13   trial briefing.

### VIII. STATEMENT SUMMARIZING THE STATUS OF SETTLEMENT NEGOTIATIONS AND INDICATING WHETHER FURTHER NEGOTIATIONS ARE LIKELY TO BE PRODUCTIVE

The parties participated in a settlement conference with Magistrate Judge Elizabeth Laporte on March 11, 2019 (Dkt. 73), and held three private, in-person meetings to discuss settlement.  On April 7 and 8, 2021, the parties held a further settlement conference with Magistrate Judge Virginia DeMarchi, but were unable to reach a settlement.  The parties jointly informed Magistrate DeMarchi on June 25, 2021 that they do not believe a further settlement conference would be effective.

---

[3] For the first time, Cyntec asserts that Chilisin has not adequately pled or otherwise abandoned its inequitable conduct defense.  However, Chilisin did properly plead inequitable conduct in its Answer (*see* Dkt. 15 at 9-11, Tenth Affirmative Defense, and Dkt. 16 at 9-11, Twelfth Affirmative Defense), and Cyntec never challenged that pleading nor moved for Summary Judgment on the issue.

[4] *See e.g.*, *Bombardier Recreational Prod. Inc. v. Arctic Cat Inc.*, 785 F. App'x 858, 867 (Fed. Cir. 2019); *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003) ("Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature."). Relatedly, a "question about the state of the knowledge of a skilled artisan is a question of fact." *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 809 F.3d 1223, 1225 (Fed. Cir. 2015).

| | | |
|---|---|---|
| Dated: July 1, 2021 | | WILSON SONSINI GOODRICH & ROSATI, Professional Corporation |
| | By: | */s/ James C. Yoon* |
| | | James C. Yoon |
| | | Attorneys for Plaintiff Cyntec Co., Ltd. |
| Dated: July 1, 2021 | | STEPTOE & JOHNSON LLP |
| | By: | */s/ John L. Abramic* |
| | | John L. Abramic |
| | | Attorneys for Defendants Chilisin Electronics Corp. and Chilisin America Ltd. |

**Signature Attestation**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: */s/ James C. Yoon*
    James C. Yoon

**APPENDIX A**
**LIST OF ACCUSED PRODUCTS**

**IX.   PRODUCTS ACCUSED OF INFRINGING THE '312 AND '037 PATENTS**

- HEI160808A-R47M-Q8
- HEI160808A-1R0M-Q8
- HEI160808A-1R5M-Q8FU
- HEI160808A-R33M-Q8
- HEI201208A-R24M-Q8
- HEI201208A-1R0M-Q8DE
- HEI201208A-R47M-Q8
- HEI201210A-1R0M-Q8
- HEI201210A-1R0M-QE
- HEI201210A-1R5M-Q8
- HEI201210A-2R2M-Q8
- HEI201210A-R10N-Q7HDH
- HEI201210A-R24M-Q8
- HEI201210A-R47M-Q8
- HEI201608A-1R0M-Q8
- HEI201608A-1R5M-Q8
- HEI201608A-R47M-Q8
- HEI201610A-1R0M-Q8
- HEI201610A-1R5M-Q8
- HEI201610A-2R2M-Q8
- HEI201610A-R24M-Q8
- HEI201610A-R33M-Q8
- HEI201610A-R47M-Q8
- HEI201610A-R68M-Q8
- HEI252010A-1R0M-Q8
- HEI252010A-1R5M-Q8
- HEI252010A-2R2M-Q8
- HEI252010A-2R2M-Q8A
- HEI252010A-R24M-Q8
- HEI252010A-R33M-Q8
- HEI252010A-R47M-Q8
- HEI252010A-R68M-Q8
- HEI252012A-1R0M-Q8
- HEI252012A-1R0M-Q8ADZ
- HEI252012A-1R0M-Q8RBP
- HEI252012A-1R2M-Q8DZ
- HEI252012A-1R5M-Q8
- HEI252012A-2R2M-Q8
- HEI252012A-4R7M-Q8
- HEI252012A-R22M-Q8RDZ
- HEI252012A-R24M-Q8
- HEI252012A-R33M-Q8
- HEI252012A-R33M-Q8RBP
- HEI252012A-R47M-Q8
- HEI252012A-R47M-Q8A
- HEI252012A-R68M-Q8
- HEI252012A-R82M-Q8A
- HEI322510A-R24M-Q8
- HEI322510A-1R0M-Q8
- HEI322510A-1R5M-Q8
- HEI322510A-2R2M-Q8
- HEI322510A-R47M-Q8
- HEI322512A-1R0M-Q8
- HEI322512A-100M-Q8
- HEI322512A-1R5M-Q8
- HEI322512A-2R2M-Q8
- HEI322512A-2R2M-Q8R
- HEI322512A-R24M-Q8EJ
- HEI322512A-R47M-Q8
- HEI322512A-R68M-Q8EJ
- HEI322525A-1R0M-Q8
- HEI322525A-1R5M-Q8
- HEI322525A-2R2M-Q8
- HEI322525A-4R7M-Q8DH
- HPPC04020-2R2M-Q8
- HPPC04020-1R0M-Q8
- HPPC04020-3R3M-Q8
- HPPC04020-4R7M-Q8
- HPPC05030-2R2M-Q8
- HPPC05030-1R0M-Q8
- HPPC05030-1R0M-Q8DH
- HPPC05030-1R0M-Q8EH
- HPPC05030-1R0M-Q8BC
- HPPC05030-1R5M-Q8
- HPPC05030-2R2M-Q8EW
- HPPC05030-2R2M-Q8
- HPPC05030-3R3M-Q8DH
- HPPC05030-4R7M-Q8
- HPPC05030-R36M-Q8
- HPPC05030-R47M-Q8DH
- HPPC05030-R56M-Q8FF
- HPPC05030-R75M-Q8EH
- HPPC06020-2R2M-Q8
- HPPC06020-R36M-Q8DH

- HPPC06030-100M-Q8
- HPPC06030-100M-Q8JS
- HPPC06030-1R0M-Q8
- HPPC06030-1R0M-Q8DZ
- HPPC06030-1R0M-Q8TD
- HPPC06030-1R5M-Q8
- HPPC06030-1R5M-Q8DA
- HPPC06030-1R5M-Q8DZ
- HPPC06030-1R5M-Q8EJ
- HPPC06030-2R2M-Q8
- HPPC06030-2R2M-Q8AJ
- HPPC06030-2R2M-Q8BC
- HPPC10040-100M-Q8
- HPPC10040-100M-Q8GJ
- HPPC10040-1R0M-Q8
- HPPC10040-1R0M-Q8DZ
- HPPC10040-1R0M-Q8DH
- HPPC10040-2R2M-Q8DH
- HPPC10040-2R2M-Q8TD
- HPPC10040-3R3M-Q8
- HPPC10040-4R7M-Q8
- HPPC10040-4R7M-Q8TD
- HPPC10040-6R8M-Q8
- HPPC10040-R22M-Q8DF
- HPPC10040-R22M-Q8DZ
- HPPC10040-R33M-Q7DF
- BDHE-F252012R2MQA
- DMI110908-R30L-N
- DMI110908-R40L-N
- EHEI201608A-1R0M-Q8
- EHEI201608A-1R0M-Q7
- EHEI252010A-1R0M-Q8
- EPPC05030-1R0M-Q8
- HEI160808B-1R0M-Q8DG
- HEI160808B-1R0M-Q8EJ
- HEI160808B-2R2M-Q8DG
- HEI160808B-R47M-Q8DG
- HEI160810B-1R0M-Q8EJ
- HEI201210B-1R0M-QMEJ
- HEI201210B-R24M-Q8
- HEI201612A-1R0M-Q8
- HEI201612A-1R2M-Q8DZ
- HEI201612A-1R5M-Q8DZ
- HEI201612A-2R2M-Q8DZ
- HEI201612A-4R7M-Q8RDE
- HEI201612B-1R0M-AU

- HEI201612B-R47M-AUDG
- HEI201612C-2R2M-AUDG
- HEI201612C-1R0M-Q8EJ
- HEI201612D-R47M-Q8EJ
- HEI252010G-1R0M-Q8
- HEI252010L-1R0M-Q8EJ
- HEI252012S-1R0M-Q8JS
- HEI252012S-2R2M-Q8JS
- HEI322512B-1R5M-Q8
- HEI322512B-2R2M-Q8EJ
- HEI322512B-R68M-Q8
- HEI322512Q-1R0M-Q8
- HEI322512Q-1R5M-Q8
- HEI322512Q-2R2M-Q8
- HEI322512Q-2R2M-Q8A
- HEI322512Q-R47M-Q8
- HEI322513A-R33M-Q8
- HEI322515Q-2R2M-Q8
- HEI322515Q-R47M-Q8
- HEI322520B-1R0M-Q8DH
- HEI322520B-1R5M-Q8DH
- HEI322520B-2R2M-Q8DH
- HEIL201610A-1R0M-Q8
- HEIL201610A-1R5M-Q8
- HEIL201610A-2R2M-Q8
- HEIL201610U-1R0M-Q8AS
- HEIL201610U-2R2M-Q8AS
- HEIL201610U-R47M-Q8AS
- HEIL252010A-1R0M-Q8
- HEIL252010A-2R2M-Q8
- HEIL252010A-R24M-Q8
- HEIL252010A-R33M-Q8
- HEIL252010A-R47M-Q8
- HEIL252010A-R68M-Q8
- HEIL252012A-1R0M-Q8
- HEIL252012A-2R2M-Q8
- HEIL252012A-R68M-Q8
- HHEI201207B-R47M-QMDE
- HHEI201208A-1R0M-Q8R
- HHEI201208A-1R5M-Q8RHC
- HHEI201208A-2R2M-Q8RHU
- HHEI201208A-R47M-Q8R
- HHEI201208A-R47M-QE
- HHEI201208A-R47M-QN
- HHEI201208F-R47M-QM
- HHEI201610A-R47M-Q7H

- HHEI201610A-R68M-Q7HEJ
- HHEI252010A-1R0M-Q8
- HHEI252010A-2R2M-DA-F
- HHEI252010A-2R2M-QBFD
- HHEI252012A-1R0M-QM-F
- HHEI252012A-R22M-Q8RAU
- HPPC04019-2R2M-Q8
- HPPC05024E-R47M-Q8EJ
- HPPC06024-2R7M-Q8EJ
- HPPC06024-R15M-Q8
- HPPC06024-R15M-Q8EZ
- HPPC06024-R18M-Q8EZ
- HPPC06024-R22M-Q8A2R17
- HPPC06024-R47M-Q8DH
- HPPC06024-R47M-Q8EJ
- HPPC06025-100M-Q8AS
- HPPC06040-2R2M-Q8
- HPPC06040-1R0M-Q8DH
- HPPC06040-R36M-Q8
- HPPC06040-R47M-Q8
- HPPC08020-R12M-Q8EZ
- HPPC08040B-R22M-Q8
- HPPC08040B-R22M-Q8BDF
- HPPC08040B-R22M-Q8DF
- HPPC08040B-R24M-Q8
- HPPC08040B-R47M-Q8
- HPPC08040B-R47M-Q8DF
- HPPC08040B-R47M-Q8GJ
- HPPC08040B-R68M-Q8DF
- HPPC08050B-R22M-Q8DF
- HPPC08050B-R22M-Q8BDF
- HPPC10020-1R5M-Q8
- HPPC10020-1R0M-Q8A
- HPPC10020-2R2M-Q8
- HPPC10020-2R2M-Q8L
- HPPC10030-2R2M-Q8EZ
- HPPC10030-R22M-Q8ADF
- HPPC10030-R22M-Q8DF
- HPPC10030-R22M-Q8EZ
- HPPC10030-R36M-Q8G1R1
- HPPC10050-3R3M-Q8
- HPPC10050-3R3M-Q8EJ
- HPPC10050-3R3M-Q8GJ
- HPPC10060-220M-Q8JS
- HPPC10060-220M-Q8AJS
- HPPC12020-1R2M-Q8EZ

- HPPC12020-2R2M-Q8EZ
- HPPC12060-2R2M-Q8-F
- HPPC12065-R80M-Q8
- HPPC120840-R47M-Q8
- HPPC120840-R47M-Q8DF
- LPP201208T-1R0M
- LPP201208T-R47M
- LPP201208T-R47M-J
- LPP201210T-1R0M-1
- LPP201210T-R47M
- LPP201608T-1R0M
- LPP201608T-1R0M-1
- LPP201608T-R47M
- LPP201610T-1R0M
- LPP201610T-1R0M-1
- LPP201610T-2R2M
- LPP201610T-2R2M-1
- LPP201610T-R24M
- LPP201610T-R47M
- LPP252010T-1R0M-1
- LPP252010T-1R0M-2
- LPP252010T-1R0M-3
- LPP252010T-1R0N-1
- LPP252010T-1R5M-1
- LPP252010T-2R2M-1
- LPP252010T-R47M-1
- LPP252010T-R47M-U
- LPP252012T-1R0M-2
- LPP252012T-R47M-2
- LPPS201610T-R33M
- MHCB05024E-1R0M-QREJ
- MHCB05024E-R22M-QREJ
- MHCB05024E-R68M-QREJ
- MHCB08030-R15M-C1EJ
- MHCH201610A-1R0M-Q8
- MHCH201610A-1R5M-Q8
- MHCH201610A-2R2M-Q8
- MHCH201610A-2R2M-Q8A
- MHCH201610A-R24M-Q8
- MHCH201610A-R33M-Q8
- MHCH201610A-R47M-Q8
- MHCH201610A-R68M-Q8
- MHCH252010A-1R0M-Q8
- MHCH252010A-1R5M-Q8
- MHCH252010A-2R2M-Q8
- MHCH252010A-3R3M-Q8-F

- MHCH252010A-R22M-Q8
- MHCH252010A-R24M-Q8
- MHCH252010A-R33M-Q8
- MHCH252010A-R47M-Q8
- MHCH252010A-R68M-Q8
- MHCH252012A-1R0M-Q8
- MHCH252012A-1R5M-Q8
- MHCH252012A-2R2M-Q8
- MHCH252012A-R22M-Q8
- MHCH252012A-R24M-Q8
- MHCH252012A-R33M-Q8
- MHCH252012A-R47M-Q8
- MHCHL201610A-1R0M-Q8
- MHCHL201610A-1R5M-Q7
- MHCHL201610A-1R5M-Q8
- MHCHL201610A-2R2M-Q8
- MHCHL201610A-R24M-Q8
- MHCHL201610A-R33M-Q8
- MHCHL201610A-R47M-Q8
- MHCHL201610A-R68M-Q8
- MHCHL201610C-1R0M-Q8
- MHCHL201610C-2R2M-Q8
- MHCHL201610U-1R0M-Q8AS

- MHCHL201610U-2R2M-Q8AS
- MHCHL201610U-R47M-Q8AS
- MHCHL252010A-1R0M-Q8
- MHCHL252010A-1R5M-Q8
- MHCHL252010A-2R2M-Q8
- MHCHL252010A-R24M-Q8
- MHCHL252010A-R33M-Q8
- MHCHL252010A-R47M-Q8
- MHCHL252012M-1R0M-Q8
- UHEI201206A-1R0M-Q9DE
- UHEI201208B-1R0M-Q9
- UHEI201608A-1R0M-Q9DZ
- UHEI201608A-4R7M-Q9
- UHEI201608A-R47M-Q9
- UHEI201610A-1R0M-Q9
- UHEI201610A-R47M-Q9
- UHEI201610B-1R0M-Q9
- UHEI252010A-1R0M-Q9
- UHEI252010A-R47M-Q9
- UHEI252012A-1R5M-Q9
- UHEI252012A-R47M-Q9
- UHH201612A-1R0M-Q8DZ
- UHH201612A-1R2M-Q8DZ

**X.   PRODUCTS ACCUSED OF INFRINGING THE '580 PATENT**

- BWVF00252012/LVF252A12
- LVH252A12
- LVT252A12