UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTEC COMPANY, LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHILISIN ELECTRONICS CORP., et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-0939-PJH<br><br>**FINAL PRETRIAL ORDER**<br><br>Re: Dkt. Nos. 205, 206 |

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

I.  MOTIONS IN LIMINE

　　A.　Cyntec's Motion in Limine No. 1

Cyntec's first motion in limine asks the court to "preclude Chilisin from offering any non-infringement argument that is either inconsistent with the court's claim construction order or not previously disclosed." Chilisin does not oppose this request to the extent that it is still permitted to introduce factual evidence that its own accused products do not infringe the patents-in-suit. As stated at the pretrial conference, the motion is GRANTED.

　　B.　Cyntec's Motion in Limine No. 2

Cyntec's second motion in limine to exclude Chilisin from offering evidence or argument regarding the priority date of the '580 patent, and related arguments, is DENIED as moot based on Chilisin's representation at the pretrial conference that it will not present such evidence or argument.

### C. Cyntec's Motion in Limine No. 3

Cyntec's third motion in limine seeks to "exclude any evidence or argument pertaining to Chilisin's indefiniteness-based invalidity defense that was resolved at summary judgment." For the reasons stated at the pretrial conference, this motion is DENIED.

### D. Cyntec's Motion in Limine No. 4

Cyntec's fourth motion in limine seeks to "preclude Chilisin from presenting any evidence or argument to the jury regarding whether Cyntec knew of and failed to disclose to the patent office two alleged prior art references." At the pretrial conference, Chilisin represented that it did not intend to present such evidence or argument to the jury, accordingly, this motion is DENIED as moot.

### E. Cyntec's Motion in Limine No. 5

Cyntec's fifth motion in limine seeks to preclude Chilisin from presenting an unclean hands defense. Chilisin did not oppose this motion, and the motion is DENIED as moot.

### F. Cyntec's Motion in Limine No. 6

Cyntec's sixth motion in limine seeks to "exclude evidence, opinions, and arguments related to the 'corrected' certified translation" of a Japanese patent referred to as the "Nakamura reference." This motion relates to the same subject matter as Chilisin's third motion in limine. As discussed at the pretrial conference, Cyntec's sixth motion in limine and Chilisin's third motion in limine are both DENIED, and the parties are directed to meet and confer regarding a stipulation as to which translation to show the jury. If the parties cannot agree, each side may present their own translation and may call their own translator as a witness.

### G. Chilisin's Motion in Limine No. 1

Chilisin's first motion in limine seeks an order precluding Cyntec from alleging infringement of the '312 and '037 patents under the doctrine of equivalents. Cyntec did not oppose the motion. Accordingly, this motion is DENIED as moot.

   H. Chilisin's Motion in Limine No. 2

Chilisin's second motion in limine asks that the court "preclude evidence and argument asserting that 'molding' requires the application of pressure." As stated at the pretrial conference, this motion is DENIED and both sides may present evidence and argument regarding the meaning of the term "molding," which was not construed by the court.

   I. Chilisin's Motion in Limine No. 3

Chilisin's third motion in limine was discussed above, together with Cyntec's sixth motion in limine, and is DENIED for the reasons set forth above.

II. <u>VOIR DIRE</u>

As discussed at the pretrial conference, the court will incorporate the parties' jointly-proposed questions into the voir dire which will be conducted primarily by the court. The parties will each be allotted up to 20 minutes for followup questions.

III. <u>JURY INSTRUCTIONS</u>

At the pretrial conference, the court indicated its inclination to accept the parties' jointly submitted jury instructions. The parties also represented that they now agree that instruction 31 (priority) and instruction 33 (first inventor) are inapplicable to the case and should not be included in the jury instructions.

The court further resolved the remaining disputes regarding the instructions on "summary of contentions," "interpretation of claims," and "indefiniteness."

The court then directed the parties to remove duplicative instructions, to renumber the instructions, and to submit revised proposed jury instructions by August 9, 2021.

The court further directs the parties to include the following instruction as part of the "interpretation of claims" instruction:

> With respect to the term "by means of the first hardness difference of the first magnetic powder and the second magnetic powder, the mixture of the first magnetic powder and the second magnetic powder and the conducting wire buried therein are combined to form an integral magnetic body at a temperature lower than the melting point of the insulating encapsulant," you can apply the ordinary meaning of that term, with the understanding that the

3

hardness difference has an impact on the temperature but is not the only potential cause of a lower temperature.

IV. <u>VERDICT FORM</u>

Regarding the verdict form, the parties are directed to meet and confer and submit a joint proposed verdict form consistent with the following instructions.

As to the section on infringement, Chilisin's proposed verdict form contains too many individual interrogatories regarding induced and contributory infringement, so the joint proposed verdict form shall incorporate the general structure of Cyntec's proposed section on infringement.

As to the section on invalidity, Cyntec's proposed verdict form contains too little detail regarding the different invalidity defenses, so the joint proposed verdict form shall incorporate the general structure of Chilisin's proposed section on invalidity.

V. <u>CYNTEC'S REQUEST FOR A BIFURCATED TRIAL</u>

Cyntec's request to bifurcate the trial is GRANTED as unopposed as to inequitable conduct, and DENIED as to indefiniteness.

VI. <u>TRIAL SCHEDULE AND TIME LIMITS</u>

The duration of the trial shall be 8 days commencing on Monday, August 23, 2021. The trial schedule will be Monday through Friday, from 8:30 a.m. to 1:30 p.m., with two 15-minute breaks each day, except for the first and last day of trial which be extended. Jury selection will occur on the first day, as will opening statements and as much of the presentation of evidence as possible. Each side will be allotted 15 hours to present its case, not including closing arguments.

VII. <u>MOTIONS TO SEAL DOCUMENTS AND TRIAL EVIDENCE</u>

The parties have filed a total of three motions to seal in conjunction with the pretrial papers. <u>See</u> Dkt. 213, 219, 223. Cyntec also filed a "motion to remove incorrectly filed documents." <u>See</u> Dkt. 222. It appears that the motion to seal at Dkt. 223 is intended to be an amended version of the motion to seal at Dkt. 219, though the filing does not make that clear.

As discussed at the pretrial conference, the court will not allow the parties to seal

4

documents based on the designation of those documents as confidential.  Accordingly, all three motions to seal (Dkt. 213, 219, 223) are DENIED.  Cyntec's motion to remove incorrectly filed documents (Dkt. 222) is GRANTED.  With regard to the parties' proposal for a special procedure for handling sealed documents at trial, the court explained that any previously sealed document offered as evidence at trial, will lose its sealed status.  The only material that the court will permit to be shielded from public view is material disclosing the formulas for the manufacturing process that will be at issue in the trial.

VIII.   FINAL COMMENTS

As mentioned above, the parties are to submit the revised jury instructions and revised verdict forms.  These revised versions must be filed by **August 9, 2021**.

As discussed at the pretrial conference, the parties are to submit a joint case description, a joint witness list, and a list of all participating attorneys for the court's use during voir dire.  These documents must be filed by **August 9, 2021**.

The parties must also prepare trial notebooks for the jurors which should contain, the patents, the stipulations entered by the parties, a list of accused products, a list of each witness along with a photo of the witness, a list of construed terms, and a glossary if the parties wish.  These documents must be provided to the Clerk by **August 20, 2021**.

**IT IS SO ORDERED.**

Dated:  July 30, 2021

                                              /s/ *Phyllis J. Hamilton*
                                              PHYLLIS J. HAMILTON
                                              United States District Judge