JAMES C. YOON (State Bar No. 177155)
jyoon@wsgr.com
RYAN R. SMITH (State Bar No. 229323)
rsmith@wsgr.com
ALBERT SHIH (State Bar No. 251726)
ashih@wsgr.com
CHRISTOPHER MAYS (State Bar No. 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

LUCY YEN (State Bar No. 224559)
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

CELINE LIU (State Bar No. 268990)
celine.liu@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 791-8800
Facsimile: (650) 493-6811

*Attorneys for Plaintiff*
*CYNTEC COMPANY, LTD.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CYNTEC COMPANY, LTD.,

Plaintiff,

v.

CHILISIN ELECTRONICS CORP.,
CHILISIN AMERICA LTD.,

Defendants.

CASE NO.: 4:18-cv-00939-PJH

**~~[PROPOSED]~~ PERMANENT INJUNCTION**

**I. <u>PROHIBITED ACTIVITIES – U.S. PATENT NOS. 8,922,312 AND 9,381,037</u>**

IT IS HEREBY ORDERED that Defendants Chilisin Electronics Corp. and Chilisin America Ltd. (collectively, "Chilisin"), and any of its parents, subsidiaries, successors, assigns, officers, agents, servants, employees, attorneys, and persons or entities in active concert or participation with them (including any affiliated entities), who receive actual notice of this Permanent Injunction (collectively, the "Enjoined Parties"), are hereby permanently enjoined and restrained from infringing, or inducing the infringement of, claims 1, 2, 5, 8, 10, and 18 of U.S. Patent No. 8,922,312 (the "'312 Patent"); and claims 9 and 12 of U.S. Patent No. 9,481,037 (the "'037 Patent") (collectively, the "Infringed Claims") until the expiration of the patents, by:

(a) making, using, selling, offering to sell, or importing into the United States any device that infringes the Infringed Claims, including but not limited to the HEI, HPPC, EHEI, EPPC, HEIL, HHEI, LPP, MHCB, MHCH, MHCHL, UHEI, UHH, and BDHE series devices, as well as those devices matching the devices claimed in the '312 Patent and/or manufactured using the processes claimed in the '037 Patent, respectively (collectively, "Enjoined Products"); and/or

(b) assisting or inducing others in making, using, selling, offering to sell, or importing into the United States, any Enjoined Products, by engaging in activities including, without limitation, the following: (i) advertising, marketing, or otherwise promoting Enjoined Products; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale for Enjoined Products; (iii) providing customer service or other technical support relating to Enjoined Products; (iv) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to Enjoined Products; (v) developing, designing, manufacturing, or having manufactured products substantially similar to Enjoined Products; or (vi) writing, modifying, updating, drafting or otherwise preparing documentation regarding the operation, use, or intended of any Enjoined Product.

**II. <u>SUNSET PROVISION</u>**

With respect to the Enjoined Products, the injunction against activities listed in paragraphs (a) and (b) above shall be stayed until 9 months after the date of entry of this injunction, subject to the following limitations:

(a) Sunset Sales are permitted only to existing Chilisin direct and indirect customers who (i) before September 1, 2021 qualified or validated an Enjoined Product for use in a particular customer product; and (ii) before September 1, 2021 placed a firm order for production activities of that Enjoined Product (or of products containing that Enjoined Product) for use in that particular customer product. "Production activities" are any purchases in quantities exceeding those necessary for testing and development. An Enjoined Product sold under this Sunset Provision shall be in substantially the same design configuration as it was on September 1, 2021. Permitted Sunset Sales, if any, shall be specifically and exclusively identified in an Appendix to this Injunction, a draft of which shall be jointly submitted by Cyntec and Chilisin for the Court's consideration.

(b) For each Sunset Sale, Chilisin shall obtain from the purchasing customer written certification that the purchased Enjoined Product shall be used only as specifically and exclusively identified in an Appendix to this Injunction. Such certification shall show the quantity of purchased Enjoined Products. Within 15 days after the close of each calendar quarter, Chilisin shall provide Cyntec with copies of all such certifications obtained during the immediately-preceding quarter.

## III. PERMISSIBLE DESIGN-AROUND EFFORTS

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in the design, development, or testing of any product that does not infringe the Infringed Claims. Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from either engaging in modification of any Enjoined Product so as to eliminate infringement, or engaging in design, development, or testing for said purpose.

## IV. PERMISSIBLE CONVEYANCE OF SAFETY INFORMATION

Notwithstanding the foregoing, Chilisin shall be permitted to provide Safety Information to its direct and indirect customers. "Safety Information" means information necessary to allow an Enjoined Product to be safe for its intended use.

## V. NOTICE

IT IS FURTHER ORDERED that, within 30 days from the date of this signed Permanent Injunction, Chilisin shall provide a copy of this Permanent Injunction to each of its parents, subsidiaries, successors, assigns, officers, agents, servants, employees, attorneys, and persons or

entities in active concert or participation with them (including any affiliated entities), as well as to any and all manufacturers, distributors, retailers, licensees, customers, automotive original equipment manufacturers, and all other persons or entities who have been, or are reasonably expected to be, directly or indirectly involved in the making, using, selling, offering for sale, or importing in the United States of any Enjoined Product, including but not limited to any company to which Chilisin has in the past directly or indirectly marketed, sold, or offered for sale one or more of the Enjoined Products, and any company to which Chilisin intends in the future to directly or indirectly market, sell, or offer to sell one or more of the Enjoined Products.

IT IS FURTHER ORDERED that, within 30 days from the date of this signed Permanent Injunction, Chilisin shall file with the court and serve on all parties a notice stating the names and addresses of each party that it has notified in compliance with this section.

## VI. CONTINUING JURISDICTION

The court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require, upon a proper showing, and to adopt procedures for resolution of any dispute whether a product not specifically covered by this Permanent Injunction is more than colorably different from the adjudged infringing products.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Phyllis J. Hamilton
NORTHERN DISTRICT OF CALIFORNIA

Dated: May 24, 2022

HON. PHYLLIS J. HAMILTON
United States District Judge