Jonathan J. Lamberson (SBN 239107)
lamberson@whitecase.com
Henry Yee-Der Huang (SBN 252832)
henry.huang@whitecase.com
Yuhan Wang (SBN 341882)
Yuhan.wang@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

Attorneys for Defendants
CHILISIN ELECTRONICS CORP. and
CHILISIN AMERICA LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CYNTEC COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHILISIN ELECTRONICS CORP., CHILISIN AMERICA LTD., <br><br> Defendants. | Case No. 4:18-cv-00939-PJH <br><br> **DEFENDANTS' OBJECTION TO PLAINTIFF CYNTEC'S BILL OF COSTS** <br><br> Judge:  Phyllis J. Hamilton |

Defendants CHILISIN ELECTRONICS CORP. and CHILISIN AMERICA LTD. ("Chilisin") hereby submit this objection to Plaintiff CYNTEC COMPANY, LTD. ("Cyntec")'s Bill of Costs filed on May 20, 2022.  Cyntec has requested certain costs that are not permissible under Fed. R. Civ. P. 54(d)(1) and Civil Local Rule 54.  Chilisin respectfully requests that the Court disallow the following costs contained in Cyntec's Bill of Costs as outlined below:

**1. Objection to Trial Transcript Costs**

Cyntec seeks $12,718.86 for trial transcripts, consisting of costs for $7,460.46 in daily transcript services and $5,258.40 in Realtime transcript services, citing to Local Rule 54-3(b)(2). (*See* ECF No. 320-1 (Mays Decl.) at ¶ 4; ECF No. 320-2).

This Court has held that costs for Realtime transcript services are not recoverable. *See TransPerfect Glob., Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792, at *4 (N.D. Cal. Apr. 4, 2014) ("TransPerfect's request for costs for trial transcripts delivered hourly, costs for 'real time,' and costs for second and third copies of trial transcripts are denied."); *Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-CV-01414-HSG, 2018 WL 4700347, at *3 (N.D. Cal. Sept. 30, 2018) (finding transcript costs should be reduced by the amount Defendant seeks for expedited, hourly, and real-time transcripts).  Accordingly, Cyntec's request for reimbursement for Realtime services should be denied.

As to the remainder, Cyntec did not cite any authority except Local Rule 54-3(b)(2), which provides that the "cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable." Civ. L.R. 54-1(b)(2).  Cyntec pointed to no such statement, and Chilisin is not aware of any statement from the Court that necessitated ordering the trial transcript on a daily basis.  Accordingly, because Cyntec did not justify its request, Cyntec's request to recover costs for daily trial transcript services should also be denied. *See Hesterberg v. United States*, 75 F. Supp. 3d 1220, 1225 (N.D. Cal. 2014) (finding Plaintiff is not entitled the cost spent to obtain trial transcripts).

**2. Objection to Planet Depos Costs**

A bill of costs "must state separately and specifically each item of taxable costs claimed."

Civ. L.R. 54-1(a).  A party seeking costs must provide "[a]ppropriate documentation to support each item claimed … attached to the bill of costs." *Id.*  Here, Cyntec seeks $56,996.67 in deposition and exhibits fees, consisting of costs from US Legal Support and Planet Depos.  (ECF No. 320-1 (Mays Decl.) at ¶ 5).  However, Cyntec did not support its Planet Depos costs with adequate details.  Cyntec states that it "deducted $256.20 as a reasonable estimate of the portion of the invoice attributable to non-taxable costs" without explaining how it came up with the number.  It also did not provide detailed Planet Depos invoices that itemize non-taxable costs such as rough drafts.  *Id.*  Since Cyntec failed to provide adequate documentation, the Planet Depos bills that did not itemize non-taxable costs should be excluded.  *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *3 (N.D. Cal. Apr. 5, 2013) ("A prevailing party must itemize its costs with enough detail to establish that they are taxable under section 1920.").

Consequently, Chilisin respectfully asks that the Court deny Cyntec's requests for Planet Depos bills without itemized costs (the 10/11/2019, 12/16/2019, 12/17/2019, 1/17/2020 and 1/20/2020 invoices).  To the extent the Court taxes any cost for depositions, the amount should be reduced to $24,901.27.

Dated:  June 3, 2022                                                         WHITE & CASE LLP

By: */s/ Jonathan Lamberson*
Jonathan Lamberson

Attorneys for Defendants
CHILISIN ELECTRONICS CORP. and
CHILISIN AMERICA LTD.