JAMES C. YOON (SBN 177155)
jyoon@wsgr.com
RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER MAYS (SBN 266510)
cmays@wsgr.com
JEFFREY NALL (SBN 340675)
jnall@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

LUCY YEN (SBN 224559)
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

CELINE LIU (SBN 268990)
Celine.Liu@wsgr.Com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 791-8800
Facsimile: (650) 493-6811

Attorneys for Plaintiff
CYNTEC COMPANY, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CYNTEC COMPANY, LTD,<br><br>Plaintiff,<br><br>v.<br><br>CHILISIN ELECTRONICS CORP. and<br>CHILISIN AMERICA LTD.,<br><br>Defendants. | ) Case No.: 3:18-cv-00939-TLT<br>)<br>) **PLAINTIFF CYNTEC COMPANY'S**<br>) **MEMORANDUM IN SUPPORT OF**<br>) **ITS MOTION TO EXCLUDE**<br>) **OPINIONS OF JOHN C. BRAVMAN**<br>)<br>) Date: October 28, 2025<br>) Time: 2:00 p.m.<br>) Courtroom:   9, 19th Floor<br>) Before: Hon. Trina L. Thompson<br>) |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION.................................................................................................................1

II.     LEGAL STANDARDS.........................................................................................................1

III.    *DAUBERT* #1: DR. BRAVMAN'S UNRELIABLE OBVIOUSNESS OPINIONS ..........2

IV.     *DAUBERT* #2: OPINIONS ON ISSUES OUTSIDE SCOPE OF REMAND ....................3

V.      CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brice v. Haynes Invs., LLC.*,
    548 F. Supp. 3d 882 (N.D. Cal. 2021)....................................................................................2

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
    576 F.3d 1348 (Fed. Cir. 2009) ............................................................................................5

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) .....................................................................................................1, 2, 3

*Engel Indus., Inc. v. Lockformer Co.*,
    166 F.3d 1379 (Fed. Cir. 1999) .........................................................................................4, 5

*Eurand, Inc. v. Mylan Pharms., Inc. (In re Cyclobenzaprine)*,
    676 F.3d 1063 (Fed. Cir. 2012) ............................................................................................3

*Graham v. John Deere Co.*,
    383 U.S. 1 (1966) ............................................................................................................2, 5

*Huynh v. Quora, Inc.*,
    508 F. Supp. 3d 633 (N.D. Cal. 2020)....................................................................................2

*Inline Plastics Corp. v. Lacerta Grp.*,
    LLC, 97 F.4th 889 (Fed. Cir. 2024) .....................................................................................2

*InTouch Techs., Inc. v. VGo Commc'ns, Inc.*,
    751 F.3d 1327 (Fed. Cir. 2014) .........................................................................................2, 3

*Laitram Corp. v. NEC Corp.*,
    115 F.3d 947 (Fed. Cir. 1997) ...........................................................................................4, 5

*Lisle Corp. v. A.J. Mfg. Co.*,
    398 F.3d 1306 (Fed. Cir. 2005) ............................................................................................5

*Montana v. Talen Montana, LLC*,
    130 F.4th 675 (9th Cir. 2025)................................................................................................5

*Silicon Graphics, Inc. v. ATI Techs., Inc.*,
    607 F.3d 784 (Fed. Cir. 2010) ..............................................................................................5

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016) ............................................................................................3

## STATUTES

35 U.S.C. § 102 ..................................................................................................................................3

35 U.S.C. § 112 ..................................................................................................................................3

**RULES**

Fed. R. Evid. 403...................................................................................................................... 2

Fed. R. Evid. 702................................................................................................................... 1, 3

## I.    INTRODUCTION

This case is returning to trial on a single, narrow issue: whether the asserted claims are obvious in view of Shafer combined with Nakamura.  Not only does Chilisin's expert, Dr. John Bravman, seek to go beyond that remand, but he seeks to do so using an incomplete and unreliable methodology.  His opinions should be excluded for two independent reasons.

*First*, Dr. Bravman offers the conclusion that the Patents-in-Suit are "obvious" even though he failed to analyze a critical *Graham* factor – objective indicia of nonobviousness (*e.g.*, commercial success, copying, long-felt need, *etc.*) – necessitated by the Supreme Court and Federal Circuit before any conclusion of obviousness.  This failure renders Dr. Bravman's ultimate opinion on obviousness unsupportable and unreliable.  An expert who fails to consider all *Graham* factors cannot opine on the ultimate question of obviousness.

*Second*, Dr. Bravman attempts to resurrect prior art theories long since abandoned.  At the first trial, Defendants chose to present only Shafer and Nakamura, argued only Shafer and Nakamura post-trial, and appealed only Shafer and Nakamura.  The Federal Circuit then remanded solely as to Shafer and Nakamura.  Under the mandate rule and waiver doctrine, all other obviousness theories are foreclosed.  Allowing Dr. Bravman to expand or alter the remanded combination would invite legal error, mislead or confuse the jury, and prejudice Cyntec.

Because his opinions are both unreliable under Rule 702 and outside the scope of remand, Dr. Bravman should be precluded from testifying beyond the limited *Graham* factors in his report or from offering any prior art combination besides Shafer and Nakamura.

## II.    LEGAL STANDARDS

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the evidence or to determine a fact in issue."  Expert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) ("the Rules of Evidence—especially Rule 702—do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").  When considering expert testimony offered pursuant to Rule 702, the district court acts

as a "gatekeeper" to exclude expert testimony that is irrelevant or methodologically unsound. *See Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 644 (N.D. Cal. 2020) ("The district court acts as the gatekeeper to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."). Indeed, where an expert opines on issues that "are not directly relevant to the resolution of the claims," such opinions should be excluded under *Daubert* and Fed. R. Evid. 403. *Brice v. Haynes Invs., LLC.*, 548 F. Supp. 3d 882, 902 (N.D. Cal. 2021).

### III.    *DAUBERT* #1: DR. BRAVMAN'S UNRELIABLE OBVIOUSNESS OPINIONS

Cyntec moves to preclude Dr. Bravman from opining on the ultimate question of obviousness. Obviousness is a determination based on four factual inquiries identified in *Graham v. John Deere Co.*: (1) the scope and content of the prior art, (2) differences from the claims, (3) the level of ordinary skill, and (4) objective indicia of nonobviousness. 383 U.S. 1, 17 (1966). Dr. Bravman ignored the fourth factor, which encompasses analysis of commercial success, long-felt need, failure of others, unexpected results, and copying. The Federal Circuit has held that an expert who fails to consider **every** *Graham* factor cannot opine on the ultimate question of obviousness. *See InTouch Techs., Inc. v. VGo Commc'ns, Inc.*, 751 F.3d 1327, 1352 n.8 (Fed. Cir. 2014) (when "an expert purports to testify, not just to certain factual components underlying the obviousness inquiry, but to the ultimate question of obviousness, the expert must consider all factors relevant to that ultimate question"); *Inline Plastics Corp. v. Lacerta Grp.*, LLC, 97 F.4th 889, 900 (Fed. Cir. 2024) (quoting *InTouch*).

In his Invalidity Report, Dr. Bravman conceded that objective indicia of nonobviousness must be considered. Declaration of Christopher Mays in Support of Motions to Exclude and Summary Judgment ("Mays Decl.") Ex. 1 at ¶ 31 ("in an obviousness analysis the following factors should be considered . . . certain objective factors"). Yet his Invalidity Report never addresses commercial success, long-felt need, failure of others, unexpected results, or copying. At trial, Dr. Bravman wholly ignored the objective indicia part of the obviousness test, yet still told the jury the asserted claims were "obvious." *See* Dkt. 264 at 974:13-1059:17; Dkt. 266 at 1077:14-1114:16, 1114:19-1122:22; Mays Decl. Ex. 1 at ¶ 107.

The Federal Circuit has made clear that an obviousness analysis requires proper

consideration of every *Graham* factor. *See InTouch*, 751 F.3d at 1352 n.8 ("expert must consider *all factors* relevant to that ultimate question" of obviousness). Indeed, in this very case, the Federal Circuit emphasized, "It is error to reach a conclusion of obviousness until all the *Graham* factors are considered." Dkt. 336 at 7. Considering objective indicia provides an essential check that "guard[s] against hindsight bias." *Eurand, Inc. v. Mylan Pharms., Inc. (In re Cyclobenzaprine)*, 676 F.3d 1063, 1079 (Fed. Cir. 2012). Because of this critical function, they "must be considered in every case." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1328 (Fed. Cir. 2016).

Because Dr. Bravman failed to analyze objective indicia of nonobviousness, his ultimate obviousness opinion is incomplete and unreliable. The Court should exercise its gatekeeping role under Rule 702 and *Daubert* to bar him from opining that the asserted claims are "obvious." Dr. Bravman should be limited, at most, to testifying about the *Graham* factors analyzed in his report (*Graham* factors 1-3).

## IV.    *DAUBERT* #2: OPINIONS ON ISSUES OUTSIDE SCOPE OF REMAND

Cyntec also moves to preclude Dr. Bravman from offering invalidity opinions beyond the single obviousness theory remanded by the Federal Circuit—Shafer combined with Nakamura.[1] All other theories are barred under the mandate rule and waiver doctrine.

In his original report, Dr. Bravman disclosed numerous combinations of prior art. *See* Mays Decl. Ex. 1 at pp. ii-vi; ¶¶ 82-106, 327-352, 399-415, 456-472, 475-476, 479-480, and 485-486. But at trial, Chilisin made the strategic decision to limit its obviousness case to Shafer and Nakamura:

> Q. Can you summarize for the jury your opinions regarding the invalidity of the '312 patent specifically, Dr. Bravman?
>
> A. Yes. As it shows here, there are two main pieces of prior art that I'll use, the Shafer '244 and the Nakamura '458 patents. They are prior art.[2]

---

[1] Cyntec understands that Chilisin no longer intends to assert invalidity under 35 U.S.C. §§ 102 or 112 based on anticipation, indefiniteness, lack of written description, or lack of enablement. If that understanding is incorrect, however, Cyntec's motion here should apply equally to those defenses and for the same reasons discussed in this Motion.

[2] Cyntec refers to Shafer 244 here as "Shafer," and Nakamura 458 as "Nakamura."

Shafer '244 anticipates Claim 1, 5, 8, 10, and 18, and **the Shafer '244, in combination with Nakamura, renders obvious all of the asserted claims**, so that's 1, 2, 5, 8, 10, and 18.

Q. And can you likewise summarize your invalidity opinions regarding the '037 patent in this case, Dr. Bravman?

A. Yes. The same two patents are in play here, so the Shafer '244 anticipates Claim 9 and 12, in my opinion, **and the Shafer and Nakamura patents combined render obvious Claims 9 and 12 of the '037 patent**.[3]

Dkt. 264 at 1005:2-15; *see also id.* at 1059:1-13 (summarizing same).[4]   In post-trial briefing, Chilisin again argued only Shafer and Nakamura for obviousness, and its appeal likewise addressed only that combination.  *See* Dkt. 286 (Chilisin post-trial brief) at 1 ("Chilisin presented the jury with substantial evidence . . . showing that the Shafer and Nakamura references each disclose two magnetic powders that satisfy the claimed size and hardness limitations"), 7 ("Dr. Bravman explained why Nakamura, when combined with Shafer, renders the claims obvious"), and 8 ("Dr. Bravman demonstrated a motivation to combine Shafer with Nakamura"); Mays Decl. Ex. 2 (appellate brief) at 3-4, 19-21, 42-45 (addressing Shafer and Nakamura as lone obviousness combination).  The Federal Circuit then remanded solely on Shafer and Nakamura.  *See* Dkt. 336 at 5 (discussing "Shafer as modified by Nakamura"), 7 (same), 9 (reversing on "nonobviousness and remand[ing]").

The mandate rule bars relitigation of issues encompassed within the judgment but outside the scope of the appeal.  Once the Federal Circuit issues its mandate, the district court "cannot give relief beyond the scope of that mandate."  *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997).  Issues "within the scope of the judgment appealed from, *minus those explicitly reserved or remanded by the court*—are foreclosed from further consideration."  *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382–83 (Fed. Cir. 1999).  The rule applies not only to matters expressly decided, but also to all issues that were or could have been raised within the

---

[3] Unless otherwise noted, all emphases in quotations are added.

[4] Dr. Bravman testified about certain other references for other purposes but not as part of a prior art obviousness combination.  *See* Dkt. 264 at 1012:10-1014:9; 1020:10-1029:15; Dkt. 266 at 1119:11-1122:5.

scope of the appealed judgment. *Id.* In the Ninth Circuit, the mandate rule is jurisdictional. *Montana v. Talen Montana, LLC*, 130 F.4th 675, 691 (9th Cir. 2025). Here, because invalidity was squarely within the scope of the judgment appealed, all obviousness theories other than Shafer and Nakamura are jurisdictionally foreclosed. *See* Dkt. 277 (Judgment) ("Court issued an oral Order, *inter alia*, granting Plaintiff's motion for judgment as a matter of law of no invalidity of U.S. Patent No. 8,922,312 and 9,481,037.").

The waiver doctrine independently bars any new combinations. Waiver prevents a party from reviving theories it chose not to pursue at trial or on appeal. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1358 (Fed. Cir. 2009) ("[T]he purpose of the waiver rule is to prevent a party from arguing on remand what it should have argued at trial or on appeal."); *Laitram*, 115 F.3d at 954 (identifying "avoidance of piecemeal litigation and conservation of judicial resources" as policies behind waiver doctrine). Courts routinely hold that invalidity defenses not tried are waived. *See, e.g.*, *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 801 (Fed. Cir. 2010); *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1317 (Fed. Cir. 2005). That principle applies squarely here, where Defendants elected to proceed only on Shafer and Nakamura in the first trial. *See* Dkt. 264 at 1005:2-15; *see also id.* at 1059:1-13 (summarizing same).

Any attempt by Dr. Bravman to add or substitute references would exceed the remand, violate the mandate rule, inject waived theories, confuse the jury, and unfairly prejudice Cyntec. The Court should therefore preclude Dr. Bravman from offering any invalidity opinions beyond Shafer combined with Nakamura.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Cyntec requests that Dr. Bravman be precluded at trial from (1) rendering any ultimate opinion on obviousness, (2) testifying about any *Graham* factors other than those analyzed in his Invalidity Report, and (3) opining on any prior art combination other than Shafer and Nakamura.

Dated: September 2, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:  /s/ *James C. Yoon*
James C. Yoon
E-mail: jyoon@wsgr.com

Attorney for Plaintiff
CYNTEC COMPANY, LTD.