JAMES C. YOON (SBN 177155)
jyoon@wsgr.com
RYAN R. SMITH (SBN 229323)
rsmith@wsgr.com
CHRISTOPHER MAYS (SBN 266510)
cmays@wsgr.com
JEFFREY NALL (SBN 340675)
jnall@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

LUCY YEN (SBN 224559)
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

CELINE LIU (SBN 268990)
Celine.Liu@wsgr.Com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 791-8800
Facsimile: (650) 493-6811

Attorneys for Plaintiff
CYNTEC COMPANY, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CYNTEC COMPANY, LTD,<br><br>Plaintiff,<br><br>v.<br><br>CHILISIN ELECTRONICS CORP. and CHILISIN AMERICA LTD.,<br><br>Defendants. | Case No.: 3:18-cv-00939-TLT<br><br>**PLAINTIFF CYNTEC COMPANY, LTD.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 28, 2025<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Before: Hon. Trina L. Thompson |

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .......... 1
II. CHILISIN'S ATTEMPT TO REVISIT THE REASONABLE ROYALTY AWARD IS BARRED BY THE MANDATE RULE .......... 1
A. Chilisin Mischaracterizes the Mandate Rule .......... 2
B. The Federal Circuit Did Not Remand on Damages .......... 3
III. CHILISIN'S ATTEMPT TO REVISIT THE REASONABLE ROYALTY AWARD IS BARRED BY THE WAIVER DOCTRINE .......... 6
IV. CONCLUSION .......... 10

## TABLE OF AUTHORITIES

PAGE(S)

### CASES

*Allard Enters. v. Advanced Programming Res., Inc.*, 249 F.3d 564 (6th Cir. 2001) ........ 5

*Amado v. Microsoft Corp.*, 517 F.3d 1353 (Fed. Cir. 2008) ........ 4

*Arunachalam v. IBM*, 989 F.3d 988 (Fed. Cir. 2021) ........ 7

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348 (Fed. Cir. 2009) ........ 9

*Dejoria v. Maghreb Petroleum Expl., S.A.*, No. A-13-CV-654-JRN-AWA, 2016 WL 4250488 (W.D. Tex. Aug. 11, 2016) ........ 4, 5

*Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367 (Fed. Cir. 2020) ........ 6

*Engel Indus. v. Lockformer Co.*, 166 F.3d 1379 (Fed. Cir. 1999) ........ *passim*

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1478-79 (Fed. Cir. 1998) ........ 3

*Field v. Mans*, 157 F.3d 35 (1st Cir. 1998) ........ 4

*Field v. Mans*, 516 U.S. 59 (1995) ........ 4

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 PJH, 2011 WL 2160609 (N.D. Cal. May 26, 2011) (Hamilton, J.) ........ 5

*Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012) ........ 3

*Laitram Corp. v. NEC Corp.*, 115 F.3d 947 (Fed. Cir. 1997) ........ 9

*Minks v. Polaris Indus.*, 546 F.3d 1364 (Fed. Cir. 2008) ........ 9, 10

*Montana v. Talen Montana, LLC*, 130 F.4th 675 (9th Cir. 2025) ........ 9, 10

*Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361, 1382 (Fed. Cir. 2021) ........ 6

*Pierce v. Wyndham Vacation Resorts, Inc.*, No. 3:13-CV-641-CCS, 2022 WL 5237291 (E.D. Tenn. Oct. 5, 2022) ........ 4

*Sergent's Mech. Sys. v. United States*,
173 Fed. Cl. 56 (2024) .......... 9

*Tronzo v. Biomet, Inc.*,
236 F.3d 1342 (Fed. Cir. 2001) .......... *passim*

*United States v. Bell*,
988 F.2d 247 (1st Cir. 1993) .......... 4

*United States v. Campbell*,
168 F.3d 263 (6th Cir. 1999) .......... 5

*United States v. Husband*,
312 F.3d 247 (7th Cir. 2002) .......... 4

*United States v. Mullet*,
822 F.3d 842 (6th Cir. 2016) .......... 7

**STATUTES**

35 U.S.C. § 284 .......... 6

## I. INTRODUCTION

The Court can grant Cyntec's summary judgment motion ("Motion") on two independent grounds. *First*, under the mandate rule, Chilisin is barred from revisiting the reasonable royalty award. Chilisin's Opposition is an after-the-fact attempt to rewrite the Federal Circuit opinion ("Opinion") and resurrect an issue Chilisin already forfeited. Conspicuously absent from Chilisin's Opposition is any argument—much less a meaningful rebuttal—addressing the Federal Circuit's statement that "***[t]he reasonable royalties award is not at issue on appeal***." Dkt. 336 at 6 n.4.[1] Chilisin's silence is telling, and for good reason: the Federal Circuit unequivocally found that Chilisin did not appeal any challenge to the jury's reasonable royalty award. That holding is controlling. Because "[t]he reasonable royalties award [wa]s not at issue on appeal," it necessarily could not have been remanded by the Federal Circuit, regardless of whether Chilisin characterizes the remand as general or limited. Under the mandate rule, the District Court lacks jurisdiction to revisit the issue.

*Second*, it is too late in the day for Chilisin to try to claw back a challenge to the reasonable royalty award that it strategically abandoned. Chilisin had every opportunity to challenge the award, did so in post-trial briefing, but made a strategic decision to pursue other avenues on appeal. Binding Federal Circuit precedent is clear: Having made a calculated decision to forgo challenging a component of a damages award previously made *on JMOL*, Chilisin must live with that choice *on remand*.

The Court should grant Cyntec's Motion and preclude Chilisin from revisiting the reasonable royalty that was awarded by the jury.

## II. CHILISIN'S ATTEMPT TO REVISIT THE REASONABLE ROYALTY AWARD IS BARRED BY THE MANDATE RULE

Chilisin argues that the mandate rule and waiver doctrine are separate doctrines. Opp. at 2-4. Cyntec agrees that they provide separate grounds for granting this Motion. The mandate rule governs what the district court may revisit on remand, while waiver concerns what an appellant

[1] All emphases are added unless indicated otherwise.

preserves for appeal. The Federal Circuit stated that "[t]he reasonable royalties award is not at issue on appeal." Dkt. 336 at 6 n.4. Having so held, this part of the judgment is "deemed incorporated within the mandate and thus [ ] precluded from further adjudication" on remand. *Engel Indus. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999). At the same time, even if the Court were to determine that it had jurisdiction to reconsider the reasonable royalty award, the Court should decline to consider it. A failure to appeal the amount of a damages award that was previously challenged on JMOL constitutes clear waiver. *See Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("by failing to appeal the award of punitive damages [ ], Biomet waived this issue and was barred from raising it on remand"); *infra* at Sec. III.

### A. Chilisin Mischaracterizes the Mandate Rule

"Unless remanded by th[e] court, ***all issues within the scope of the appealed judgment are deemed incorporated within the mandate*** and thus are precluded from further adjudication." *Engel*, 166 F.3d at 1382-83. The reasonable royalty award was indisputably part of the "appealed judgment," "incorporated within the mandate and thus [ ] precluded from further adjudication."

In response, Chilisin's Opposition asserts that because "the Federal Circuit never addressed the impact of its decision on reasonable royalty damages," the issue remains open. Opp. at 3. That argument both distorts the Opinion and seeks to turn the mandate rule on its head. In fact, after considering over 150 pages of briefing from both parties and oral argument, the Federal Circuit *did* address reasonable royalty damages, determining that "[t]he reasonable royalty award is not at issue on appeal." Dkt. 336 at 6 n.4. Moreover, Chilisin's suggestion that any aspect of reasonable royalty damages not considered by the Federal Circuit, *e.g.*, the 5% royalty rate, can be relitigated, is precisely what the mandate rule forbids:

> [T]he court is entitled to assume that an appellant has raised all issues it deems important against a judgment appealed from. An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived. Unless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication.

*Engel*, 166 F.3d at 1383. Like the licensee in *Engel*, Chilisin "did not argue to the [ ] court that it was entitled to a refund." *Id.* at 1382. Like the licensee in *Engel*, Chilisin cannot belatedly seek

that refund. "To hold otherwise would allow appellants to present appeals in a piecemeal and repeated fashion." *Id* at 1383.

Although Chilisin claims to embrace "the letter" of the mandate (Opp. at 4), it wholly ignores the Federal Circuit's express finding that "[t]he reasonable royalties award is not at issue on appeal." Dkt. 336 at 6 n.4. Chilisin's self-serving, after-the-fact characterization of the mandate cannot overcome the Federal Circuit's unequivocal directive. *See Engel*, 166 F.3d at 1382 ("The scope of the issues presented to this court on appeal must be measured by the scope of the judgment appealed from, [ ] not by the arguments advanced by the appellant."). Chilisin's cases also do not support its improper attempt to revisit the reasonable royalty award. Those decisions merely confirm that a district court may address matters *not* within the judgment appealed from and not foreclosed by the appellate mandate.[2] [3] Opp. at 3. Here, by contrast, the reasonable royalty award was part of the "judgment appealed from," "incorporated within the mandate," and the Federal Circuit did not remand the issue for further consideration, thereby foreclosing the issue from further litigation. *See infra* at Sec. III.

**B. The Federal Circuit Did Not Remand on Damages**

Seeking to escape the impact of the mandate rule, Chilisin attempts to portray the Federal Circuit Opinion as containing a "general" remand. The distinction Chilisin tries to draw between a "general" versus "limited" remand is a red herring. The Federal Circuit expressly recognized that reasonable royalty was never before it on appeal, so whether the remand is labeled "general"

---

[2] In *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, the Federal Circuit held that its prior reversal of a claim construction and the jury's finding of literal infringement did not preclude the district court from considering infringement under the doctrine of equivalents—a theory that had been rendered moot by the prior claim construction and was never presented to the jury. 137 F.3d 1475, 1478-79 (Fed. Cir. 1998). The opposite is true here. Chilisin concedes that the reasonable royalty award was presented to the jury, part of the "judgment appealed from," and therefore could have been appealed. Indeed, the *Exxon* court emphasized that the lower court must strictly follow the mandate set forth in the court's "written opinion," which in this case unambiguously demonstrates that Chilisin did not appeal the reasonable royalty award, and that the remand was expressly limited to nonobviousness. *See id.* at 1484.

[3] Chilisin's reliance on *Hall v. City of L.A.* is even more problematic. In *Hall*, the court merely held that issues that were never considered by ***any*** court were not foreclosed by the mandate. 697 F.3d 1059, 1067 (9th Cir. 2012).

or "limited" is irrelevant—something cannot be remanded if it was never appealed in the first place. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002) ("The defendant had waived these issues and thus they were not in the scope of our remand."). "The black letter rule governing this point is that a legal decision made at one stage of a civil . . . case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and [Chilisin] is deemed to have forfeited any right to challenge that particular decision at a subsequent date." *United States v. Bell*, 988 F.2d 247, 250-51 (1st Cir. 1993) (holding that mandate limited remand to the specific issue appealed and barred consideration of issues not raised in the initial appeal).

Chilisin glosses over the "two major limitations on the scope of a remand. First, any issue that could have been but was not raised on appeal is waived and ***thus not remanded***. Second, any issue conclusively decided by this court on the first appeal is not remanded." *Husband*, 312 F.3d at 250-51; *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (where Microsoft failed to challenge grant of permanent injunction, "it became a part of our mandate. Accordingly, the mandate rule operates as a bar to the district court's reconsideration of the initial issuance of the injunction."). Not surprisingly, Chilisin has not cited a single case where a district court addressed on remand an issue the appellate court explicitly excluded from review.[4]

---

[4] Chilisin's reliance on cases finding general remands is misplaced. Those cases involved far broader language than the Federal Circuit's Opinion here, and they certainly do not contain an express finding of waiver at issue here. *See, e.g.*, *Field v. Mans*, 157 F.3d 35, 42 (1st Cir. 1998) and *Field v. Mans*, 516 U.S. 59, 77 (1995) (characterizing a mandate directing "vacat[ing] the judgment and remand[ing] the case for proceedings consistent with this opinion" as a general remand where the appellate court neither directed entry of a specific judgment nor restricted the district court to a particular course); *see also Dejoria v. Maghreb Petroleum Expl., S.A.* , No. A-13-CV-654-JRN-AWA, 2016 WL 4250488, at *8 (W.D. Tex. Aug. 11, 2016) (concluding that a mandate stating "the judgment of the District Court is reversed, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court" constituted a general remand because it imposed no express or implied limitation on the district court's authority); *Pierce v. Wyndham Vacation Resorts, Inc.*, No. 3:13-CV-641-CCS, 2022 WL 5237291, at *6 (E.D. Tenn. Oct. 5, 2022) (treating mandate vacating and remanding the ***entire*** damages award as a general remand). By contrast, the Federal Circuit here expressly limited its decision to reversing and vacating the lost profits award, remanding for resolution of obviousness, and finding that the reasonable royalty award was never appealed. Dkt. 336 at 9, 13. That narrow language cannot be construed as a general remand.

Even on the merits, Chilisin's argument fails. The Federal Circuit reversed and vacated only the ***lost profits*** award and remanded solely for obviousness. *See* Opp. at 8; *see also* Dkt. 336 at 9, 18. That directive fits squarely within the "limited remand" framework, which confines the district court to the issues explicitly identified by the appellate court. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 PJH, 2011 WL 2160609, at *2 (N.D. Cal. May 26, 2011) (Hamilton, J.) (limiting remand to "post-verdict" royalty award because Federal Circuit never remanded "pre-verdict" damages and noting that "the Federal Circuit knows how to vacate a damages award and remand for a new trial on damages");[5] *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) ("Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate"); *see also Allard Enters. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 570-71 (6th Cir. 2001) (rejecting district court's view that a remand "for further proceedings consistent with this opinion" was general given appellate court's explicit, limited instructions to district court regarding remand); *Engel*, 166 F.3d at 1382-83 ("[T]he issues actually decided—those within the scope of the judgment appealed from, minus those ***explicitly reserved or remanded*** by the court—are foreclosed from further consideration.").[6]

Chilisin also asserts—without any authority—that reversal and vacatur of the ***lost profits*** award automatically entitles Cyntec to a new damages trial on reasonable royalty. *See* Opp. at 8. The Federal Circuit said nothing of the sort. And because the jury's reasonable royalty award was never appealed and remains intact, the judgment continues to provide a compensatory damages

---

[5] Chilisin's effort to distinguish *Fresenius* (Dkt. 412 at 3-4) fails. That case squarely holds that when the Federal Circuit does not remand a component of a damages award, the district court is jurisdictionally barred from revisiting it—even if other portions of the damages judgment were vacated. That is precisely the situation here. *Fresenius*, 2011 WL 2160609, at *2.

[6] Chilisin's reliance on *Dejoria* to avoid application of the law of the case doctrine is misplaced. Opp. at 8 n.5. In *Dejoria*, the district court declined to bar appellee's arguments on remand because the "waiver doctrine is generally applied against the *appellants* in a case, not the *appellee*." Further, the arguments at issue had not been decided by the district court below. Neither circumstance is present here, where the appellant, Chilisin, seeks to resurrect an argument that has already been decided by the jury. 2016 WL 4250488, at *7-8.

award fully consistent with 35 U.S.C. § 284, which requires the court to award "damages adequate to compensate for the infringement, but ***in no event less than a reasonable royalty***." Nor does *Omega Patents, LLC v. CalAmp Corp.* support Chilisin's position. There, the Federal Circuit expressly remanded the case for "a new trial on damages," a directive that is not present here. 13 F.4th 1361, 1382 (Fed. Cir. 2021).

Finally, Chilisin misrepresents Cyntec's judicial estoppel arguments. Chilisin successfully urged the Federal Circuit to vacate the lost profits award rather than remand it. Dkt. 409 (Mays Decl.), Ex. 2 at 49-50. That deprived Cyntec the opportunity to retry and expand on lost profits. Chilisin cannot now take the contradictory position that the Court should revisit damages Chilisin never even appealed. Allowing this would give Chilisin an unfair advantage by letting it block Cyntec from pursuing additional lost profits while attempting to reopen a previously unappealed damages judgment. *See Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1381 (Fed. Cir. 2020) ("The focus of this inquiry is on whether not applying estoppel would result in unfair advantage or prejudice.").

## III. CHILISIN'S ATTEMPT TO REVISIT THE REASONABLE ROYALTY AWARD IS BARRED BY THE WAIVER DOCTRINE

The Federal Circuit Opinion is clear and controlling: "[t]he reasonable royalties award is not at issue on appeal." Dkt. 336 at 6 n.4. As demonstrated above, the inquiry should end there. Chilisin does not even acknowledge the Federal Circuit's holding and cannot justify its failure to preserve any challenge to the reasonable royalty award on appeal.

Chilisin's convoluted argument that it appealed a *Daubert* challenge to Mr. Van Uden's indirect sales estimate—which is a part of both the lost profits and reasonable royalty calculations—also fails on its merits. *See* Opp. at 4. As an initial matter, the claimed relevance of Mr. Van Uden's indirect sales estimate to his reasonable royalty calculation only highlights Chilisin's fundamental error: its failure to mention the reasonable royalty award a single time in its appeal brief. The Federal Circuit has rejected the type of "implicit" appeal that Chilisin is arguing. *See Tronzo*, 236 F.3d at 1347-48. Just as the *Tronzo* court rejected the argument that "[b]y appealing the liability for the compensatory damages . . . , [defendant] implicitly challenged

its liability for punitive damages as well," the Federal Circuit did the same in this case, stating that it was not reconsidering the reasonable royalty award. *Id.* The Court need not decipher Chilisin's four-page explanation of how the indirect sales estimate supposedly factors into the reasonable royalty calculation—an explanation that Chilisin never included in its appeal brief.[7] *See id.* at 1348 ("Biomet's assertion that it challenged the punitive damages award indirectly in its initial appeal is not persuasive. It is uncontroverted that Biomet never appealed, nor questioned in any way, the *amount* of the punitive damages on appeal"). Chilisin could and should have expressly appealed the calculation and amount of the reasonable royalty award. It never did so.

In another effort to distract from its glaring omission, Chilisin cherry picks vague language from its notice of appeal and the "Issues Presented" and "Summary of Argument" sections of its appeal brief, none of which even references a reasonable royalty award. *See* Opp. at 4-5. As a matter of law, a general plea for the Court to "vacate the damage award" is not sufficient to preserve reasonable royalty on appeal: "In order for this court to reach the merits of an issue on appeal, it must be adequately developed. . . . A skeletal 'argument', really nothing more than an assertion, does not preserve a claim." *See Arunachalam v. IBM*, 989 F.3d 988, 999-1001 (Fed. Cir. 2021) (broad and undeveloped arguments are "deemed waived" because "[j]udges are not like pigs, hunting for truffles buried in briefs"); *United States v. Mullet*, 822 F.3d 842, 849 (6th Cir. 2016) ("To preserve an argument, it does not suffice to mention a point obliquely, then focus the rest of the brief on other arguments."). That principle applies with full force to damages: Chilisin's vague references to "damages," while referencing, arguing, and analyzing only lost profits, waived any challenge to the jury's reasonable royalty award.

Chilisin's own 62-page appeal brief underscores the futility of its attempt to resurrect a waived issue. The 62-page brief makes ***zero*** mention of reasonable royalty, but ***40*** references to lost profits. *See generally* Dkt. 409 (Mays Decl.), Ex. 2 (Appl. Dkt. 12). Indeed, every section of

[7] *But see* Dkt. 285 (Chilisin's JMOL) at 19, where Chilisin explained how the reasonable royalty base was calculated using the indirect sales estimate. Chilisin abandoned this argument on appeal. Opp. at 7.

the damages argument, including the *Daubert* challenge, focuses exclusively and expressly on ***lost profits***:[8]

| Section Heading | Argument Summary | No Reference to Reasonable Royalty |
|---|---|---|
| **IV. THE DAMAGES VERDICT SHOULD BE VACATED** | Discussing the standard for recovering lost profits (*id.* at 49-50) | Making no reference to the reasonable royalty award or the standard for its recovery (*see id.*) |
| **A. The District Court Erred in Refusing to Exclude Cyntec's Importation Calculations** | Arguing Mr. Van Uden's indirect sales estimate renders lost profits calculations unreliable (*id.* at 50-54) | Stating nothing about how the indirect sales estimate impacts the royalty base (*see id.*) |
| **B. Cyntec's Lost Profits are Speculative** | Arguing Mr. Van Uden's market share theory of lost profits is speculative (*id.* at 54-59) | Making no argument that the reasonable royalty calculation is speculative (*see id.*) |
| **C. The District Court Erred in Refusing to Grant JMOL of No Lost Profits** | Arguing the District Court should have granted Chilisin's JMOL of no lost profits (*id.* at 59-61) | Making no argument about the ruling on Chilisin's JMOL on Cyntec's royalty base and rate (*see id.*) |

Chilisin's waiver is incontrovertible, especially when considering Chilisin's JMOL briefing, which devoted multiple pages to briefing the reasonable royalty award. At that time, Chilisin advanced the very same challenge to the reasonable royalty base that it later raised on appeal with respect to lost profits. *Compare* Dkt. 285 (JMOL) at 19 ("over 95% of Cyntec's reasonable royalty damages base came from estimated importation by third parties. . . . As discussed above, these importation percentages are speculative." *with* Dkt. 409 (Mays Decl.), Ex. 2 at 50, 55 ("Over 95% of Cyntec's claimed lost profits came from . . . products . . . imported into the United States by third parties" and "Cyntec's market share theory was speculative"). Having chosen not to pursue the same challenge on appeal, Chilisin must live with its choice and is barred

[8] Chilisin's claim that it did not discuss "lost profits" in its *Daubert* appeal (Opp. at 7) is demonstrably false in view of the table on this page. Chilisin discussed lost profits directly and extensively, and reasonable royalty not a single time.

by both the mandate rule and the waiver doctrine from relitigating the issue on remand. *See Engel*, 166 F.3d at 1382-83; *Montana v. Talen Montana, LLC*, 130 F.4th 675, 691 (9th Cir. 2025).

Further, whether Chilisin's arguments could have theoretically been relevant to the reasonable royalty award in some way is immaterial where Chilisin unilaterally chose not to make the arguments, and neither this Court [nor the Federal Circuit] can *sua sponte* revisit a portion of judgment that Chilisin chose not to challenge. *Sergent's Mech. Sys. v. United States*, 173 Fed. Cl. 56, 75-76 n.16 (2024) ("Because the Court cannot develop Plaintiff's arguments *sua sponte*, Plaintiff's challenge is waived."). Similarly, Chilisin's objection to the current reasonable royalty base is of no consequence, especially where the objection had previously been on JMOL but Chilisin intentionally waived it on appeal. *See Tronzo*, 236 F.3d at 1347-51 (holding that a defendant who failed to challenge punitive damages in the original appeal could not revive the issue on remand, even though a disparity between compensatory and punitive damages became apparent only after remand).

*Tronzo* is directly on point. The Federal Circuit held that a party who challenges a damages award in post-trial motions but "cho[oses] not to contest" that award on appeal waives any right to revisit it on remand, even if later developments might otherwise call the award into question. *Id.* at 1349. The Federal Circuit emphasized that an appellant must explicitly identify ***each component*** of damages it seeks to overturn, and that an "implicit[]" appeal—such as contesting compensatory damages while remaining silent on punitive damages—does not preserve the unmentioned issue. *Id.* at 1347. Chilisin's attempt to discredit *Tronzo* is unavailing. Courts continue to cite *Tronzo* for the proposition that a party who chooses not to appeal an issue waives the right to raise it on remand. *See, e.g., Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1358 (Fed. Cir. 2009); *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 954 (Fed. Cir. 1997). *Minks v. Polaris Indus.*, cited by Chilisin, merely discusses the Seventh Amendment's Reexamination Clause and the differing standards of appellate review for punitive versus

compensatory damages; it does not undermine the core principle applied in *Tronzo*. 546 F.3d 1364, 1373 n.7 (Fed. Cir. 2008).[9] [10]

*Tronzo* also disposes of Chilisin's argument that the "original royalty award is inconsistent with the new *Daubert* ruling." Opp. at 7. The possibility of an inconsistency—which was obvious at the time of the appeal—only underscores the obligation to have raised it on appeal. That obligation is exactly what the *Tronzo* court requires.

> The district court had ruled on the issue of punitive damages in its initial decision and had further responded to [defendant's] challenge to the appropriateness of the amount of punitive damages. Then, while disputing various rulings of the district court on appeal, [defendant] chose not to contest the amount of punitive damages. Because defendant failed to raise this issue, clearly implicated in the initial decision of the district court, our mandate . . . acted to prevent [defendant] from raising this issue on remand or in any future proceedings in this litigation.

*Id.* at 1349. And, indeed, Chilisin did squarely challenge the amount of the reasonable royalty award in its JMOL motion, arguing that it was based on a speculative royalty base and not supported by the weight of the evidence. *See* Dkt. 285 at 19. That argument was intentionally omitted from its appeal briefing. Opp. at 7 ("Chilisin's reasonable royalty JMOL is irrelevant—Chilisin chose not to appeal that decision."). Chilisin's waiver is an independent ground to grant Cyntec's Motion.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Cyntec respectfully requests that the Court grant its Motion for Summary Judgment and preclude Chilisin from revisiting the reasonable royalty award.

---

[9] Chilisin's effort to distinguish *Engel* is unavailing. Just as in *Engel*, the Federal Circuit's explicit remand was confined to nonobviousness, and the Court is barred from reconsidering reasonable royalty on remand. *See Engel*, 166 F.3d at 1382-83.

[10] Contrary to Chilisin's claim, *Montana* supports Cyntec's position by confirming that a mandate divests a lower court of jurisdiction to revisit the issue except where the appellate court ***expressly*** left the matter open on remand. In that case, the Supreme Court's decision addressed the navigability for the waterfall stretch but explicitly preserved the question of navigability of adjacent segments. *See Montana*, 130 F.4th at 691-92 ("The Supreme Court's ***express limitation*** on its navigability ruling left the area upstream of the Black Eagle Falls open to further analysis."). Here, by contrast, no such reservation exists.

Dated: September 23, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ James C. Yoon*
James C. Yoon
E-mail: jyoon@wsgr.com

Attorney for Plaintiff
CYNTEC COMPANY, LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ James C. Yoon*
James C. Yoon