United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTEC COMPANY, LTD.,

Plaintiff,

v.

CHILISIN ELECTRONICS CORP., et al.,

Defendants.

Case No. 18-cv-00939-TLT

**ORDER DENYING CHILISIN'S MOTION FOR SUMMARY JUDGMENT; GRANTING CYNTEC'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 1

The parties concede that Defendants Chilisin Electronics Corp. and Chilisin America Ltd.'s (collectively, "Chilisin") did not use the words "reasonable royalty" or "royalty" in Chilisin's opening brief before the Federal Circuit. Nor did Chilisin use the words in its Federal Circuit reply brief. There is also no dispute that, on appeal, Chilisin argued that "Cyntec's Lost Profits are Speculative." ECF 409-2, Ex. 2. Accordingly, as stated by the Federal Circuit, "The reasonable royalties award [was] not at issue on appeal." ECF 336 at 6 n.4.

Now, Plaintiff Cyntec Company, Ltd.'s ("Cyntec") and Chilisin each move for summary judgment as to whether Cyntec can obtain reasonable royalties after the Federal Circuit's remand. *See* ECF 406; 407.

Having considered the parties' briefs, the relevant legal authority, oral argument, and for the reasons below, the Court DENIES Chilisin's motion for summary judgment and GRANTS Cyntec's motion for summary judgment.

## I. BACKGROUND

### A. Facts

Cyntec is a Taiwanese corporation that is one of the world's leading manufacturers of

power chokes. ECF 1 ¶ 2. "A choke is a type of inductor used to eliminate undesirable signals in a circuit" and are "found in most modern electronics that use batteries or a power supply." ECF 336 at 2. Molded chokes are formed by placing coiled conducting wire inside a mold, filling that mold with magnetic powder(s) and a binding adhesive, compressing the mold, and heating the mold to solidify the adhesive." *Id.*

Cyntec has the following patents regarding the design and manufacturing of chokes: 8,922,312 ('312 patent) and 9,481,037 ('037 patent). *Id*. at 1. "The '312 patent is directed to molded chokes and the '037 patent is directed to a method of manufacturing molded chokes." *Id* at 2. "The '312 and '037 patents teach that mixing magnetic powders generally requires effective annealing—a heating process to reduce a choke's core loss, reduce strain, and increase permeability." *Id*. at 3.

Chilisin is a California corporation that sells power chokes in the United States. ECF 1 ¶ 8.

**B. Procedural History**

**i. Pre-Trial and Trial Matters Before the District Court**

On February 14, 2018, Cyntec filed a complaint alleging that Chlisin infringed on Cyntec's patents by manufacturing and selling chokes. ECF 1. The case was assigned to Judge Hamilton. ECF 6.

Before trial, Chilisin sought to exclude the opinion of Cyntec's damages expert, Bryan Van Uden. ECF 139. Chilisin argued that Mr. Van Uden's opinion was based on assumptions and estimates, and therefore speculative and unreliable. *Id* at 4. On September 8, 2020, Judge Hamilton denied the motion, finding that Mr. Van Uden's opinion relied on data sources that were "sufficiently reliable that a jury can determine whether the assumptions made in his calculations were valid." ECF 170 at 34–35.

A jury trial commenced on August 23, 2021. ECF 249. Cyntec presented a market-share lost profits theory, asserting that "27 companies purchased Chilisin's accused chokes outside the United States and then placed them into devices that were then imported into the United States." ECF 336 at 5. Mr. Van Uden opined that Cyntec was entitled to a total damages award of



United States District Court
Northern District of California

United States District Court
Northern District of California

$1,872,956, with $1,552,493 in lost profits and $320,463 in reasonable royalties. *Id*. at 6. "After Cyntec's rebuttal testimony, but before Chilisin could cross-examine Cyntec's technical expert, the district court heard initial motions for JMOL." ECF 336 at 5. Cyntec moved for JMOL on nonobviousness, arguing that Chilisin cannot meet their burden to show nonobviousness. *Id*. at 5. Judge Hamilton granted Cyntec's JMOL motion on the issue of nonobviousness. *Id*.

On September 1, 2025, the jury found that Chilisin willfully infringed on Cyntec's patents. ECF 269. The jury awarded Cyntec $1,552,493 in lost profits and a 5% reasonable royalty rate equaling $320,463 in damages. *Id* at 5.

On October 22, 2021, Chilisin filed a JMOL motion on the issues of invalidity, infringement, and damages. ECF 285. Chilisin also filed a motion for new trial. ECF 286. Cyntec filed a motion for permanent injunction and enhanced damages. ECF 288.

On May 6, 2022, Judge Hamilton denied Chilisin's JMOL motion, denied Chilisin's motion for a new trial, and granted Cyntec's motion for permanent injunction and for enhanced damages subject to the Court's approval of a revised proposed injunction. ECF 317. Judge Hamilton then issued an amended judgment that "revise[d] the amount of damages awarded by the jury to reflect its award of enhanced damages, resulting in a total lost profits damages award of $4,602,671, and a total reasonable royalties award of $950,573, for a total damages award of $5,553,244." ECF 318.

**ii. Appeal Before the Federal Circuit**

Chilisin appealed "the district court's grant of JMOL of nonobviousness, the district court's denial of Chilisin's motion for JMOL regarding noninfringement and damages, and the district court's denial of Chilisin's motion to exclude Cyntec's damages expert testimony as speculative." ECF 324; *see also* ECF 336 at 2.

Regarding damages, the Federal Circuit held that the district court abused its discretion in denying Chilisin's motion to exclude Mr. Van Uden. ECF 336 at 13. The Federal Circuit noted:

> In the present case, Cyntec's damages expert, Mr. Van Uden, estimated the amount of Chilisin's sales of accused products imported into the United States ("importation calculations") using U.S. Securities and Exchange Commission (SEC) filings or annual reports

> of customers who purchased or acquired any of the alleged infringing products, as well as third-party data from Gartner Research. . . . Mr. Van Uden determined each customer's importation rate by dividing the customer's U.S. revenue by its total worldwide revenue. . . By "[m]ultiplying Chilisin's accused revenues made outside of the U.S. by the U.S. importation rates for each identified customer," Mr. Van Uden estimated the "infringement revenue subject to . . . damages." . . . Mr. Van Uden determined that Chilisin's indirect sales to the United States was approximately $ 9.8 million. . . Mr. Van Uden also estimated that Cyntec's market share ranged from 31.2 percent to 39.4 percent. . . Then, "us[ing] this market share number, [he] applied it to the sales subject to damages, [yielding an estimate of] Cyntec's lost sales of approximately $3.8 million."

ECF 336 at 15–16.

The Federal Circuit held that "[t]he revenue reported in the customers' annual reports cited by Mr. Van Uden included sales of irrelevant products and services, and he failed to account for these irrelevant products and services." *Id*. at 16. "[N]o third-party discovery or testing from a technical expert was performed to see if the third-party products contained the accused chokes." *Id*. at 17. Mr. Van Uden's testimony was thus "unreliable and speculative." *Id*. at 18.

The Federal Circuit concluded: "[f]or the foregoing reasons, we affirm the judgment of infringement. In addition, we reverse the district court's judgment as a matter of law for nonobviousness and the district court's denial of Chilisin's motion to exclude Mr. Van Uden's damages expert testimony. Accordingly, we vacate the lost profits award and remand for proceedings consistent with this opinion." *Id*.

**iii. Remand from the Federal Circuit**

Following remand, the case was reassigned to the undersigned Judge. ECF 341. On August 25, 2025, Cyntec and Chilisin filed cross motions for summary judgment. *See* ECF 406 (Chilisin motion for summary judgment); ECF 407 (Cyntec motion for summary judgment). On September 8, 2025, Cyntec filed an opposition to Chilisin's motion for summary judgment. ECF 410. On September 15, 2025, Chilisin filed a reply in support of its motion for summary judgment. ECF 412. On September 16, 2025, Chilisin filed an opposition to Cyntec's motion for summary judgment. ECF 414. On September 23, 2025, Cyntec filed a reply in support of its motion for summary judgment. ECF 415.

On October 23, 2025, the Court provided the parties with questions for oral argument.

ECF 424. On October 27, 2025, both Chilisin and Cyntec filed responses to the Court's questions. *See* ECF 425–26.

The Court heard oral argument on the parties' cross motions for summary judgment on October 28, 2025. ECF 428.

## II. LEGAL STANDARD

A party may move for summary judgment identifying each claim or defense, or part thereof, on which summary judgment is sought. Fed. R. Civ. P. 56(a). A court shall grant summary judgment when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48 (1986).

A dispute of material fact will affect the outcome of the suit under governing law and will preclude summary judgment. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A dispute is genuine if the evidence is such that a *reasonable jury* could return a verdict for the nonmoving party. *Id.* District courts may only rely on admissible evidence in ruling on summary judgment. *Orr v. Bank of America, Nat'l Tr. & Sav. Ass'n*, 285 F.3d 764, 773 (9th Cir. 2002).

Once the moving party establishes an absence of a genuine dispute of material fact based on the evidence, burden shifts to the nonmoving party to present specific facts showing that there is presence of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A court considers cross-motions "separately, giving the nonmoving party in each instance the benefit of all *reasonable* inferences." *SEC v. Feng*, 935 F.3d 721, 728 (9th Cir. 2019) (citation omitted).

## III. DISCUSSION

The parties dispute whether the Court may revisit the issue of reasonable royalties and damages on remand. *See* ECF 406; ECF 407. Chilisin seeks summary judgment that: (1) the amount of damages for Chilisiin's adjudged infringement is no greater than $23,677 and (2)



United States District Court
Northern District of California

United States District Court
Northern District of California

Cyntec is not owed additional damages for time period of Q3 2021 (date of jury verdict) to Q1 2026 (current date of retrial). ECF 406 at 1. Cyntec, on the other hand, seeks summary judgment that Chilisin is precluded from revisiting the reasonable royalty award on remand. *See* ECF 407 at 1; ECF 415 at 10.

The parties raise a number of arguments regarding the scope of the Court's review of damages: (A) waiver; (B) the mandate rule; and (C) post-trial accounting.

The Court considers each issue in turn.

**A. Chilisin Waived its Challenge to Reasonable Royalties**

Cyntec argues that Chilisin waived Chilisin's request to revisit reasonable royalties because Chilsin did not mention reasonable royalties in its appeal briefs to the Federal Circuit, Chilisin focused on lost profits, and the Federal Circuit's opinion stated that the reasonable royalties award is not at issue on appeal. *See* ECF 407 at 4; ECF 415 at 6–10. Chilisin argues that Chilisin appealed the Court's denial of a Chilisin's motion to exclude Cyntec's damages expert, Mr. Van Uden. ECF 414 at 4. Chilisin argues that Chilisin's motion to exclude challenged Cyntec's importation theory in its entirety, which applied to reasonable royalties and lost profits. ECF 414 at 4.

An issue that "falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived." *Amado v. Microsoft Corp*., 517 F.3d 1353, 1360 (Fed. Cir. 2008).

There is no dispute that Chilisin's opening brief did not include the terms "reasonable royalty" or "royalty." *See generally* ECF 409-2, Ex. 2 (Chilisin Appellate Opening Brief). Nor did Chilisin's reply brief. *See generally* ECF 409-3, Ex. 3 (Chilisin Appellate Reply Brief). Instead, Chilisin's opening brief focused on Cyntec's lost profits:

> The district court abused its discretion in allowing Cyntec to present a flawed importation theory that relied on numbers untethered from the actual accused products at issue in the case. The district court also erroneously concluded that Cyntec was entitled to *lost profits*, even though the data Cyntec used to Support its "market share" theory did not cover the correct customers, the correct products, or even the correct time period. Cyntec also did nothing to attempt to tie its market segments to any actual accused sales. Such a flawed analysis mandated a judgment of no *lost profits*.

Chilisin Appellate Opening Brief at 26 (emphasis added). Chilisin further argued that "Cyntec's Lost Profits are Speculative" and that Mr. Van Uden "presented a 'market share' theory of lost profits at trial." *Id*. at 54. Chilisin's argument thus focused on lost profits: "In a complex market with numerous competitors, a patentee may be awarded lost profit damages calculated using its market share among its competitors." *Id*. at 54. "[T]he key document Cyntec used for its market share data does not even match its lost profits theory." *Id*. at 56.

Chilisin's failure to explicitly reference or develop its reasonable royalties argument before the Federal Circuit effectively waived the reasonable royalty argument on remand. *See Tronzo v. Biomet*, 236 F.3d 1342, at 1347–48 (Fed. Cir. 2001) ("Biomet's assertion that it challenged the punitive damages award indirectly in its initial appeal is not persuasive. It is uncontroverted that Biomet never appealed, nor questioned in any way, the *amount* of the punitive damages on appeal to this court in *Tronzo I*."); *Taylor v. United States Patent and Trademark Office*, 385 F.App'x. 980 (Fed. Cir. 2010) ("[H]is opening brief in that appeal contained no reference to the claimed $1 billion in damages, nor did it present any arguments in support of Mr. Taylor's claim of right to that remedy . . . . Mr. Taylor thus waived his right to argue his damages claim by failing to raise the issue in his initial appeal."); *Retractable Technologies, Inc. v. Becton Dickinson and Co.*, 757 F.3d 1366, 1370 (Fed. Cir. 2014) ("Becton's current substantive argument—that the damages award must be revisited if either one of the two products at issue are found not to infringe—could have and should have been raised in the previous appeal. Instead, Becton not only made no effort to raise the issue."). Indeed, the Court's finding of waiver is consistent with the explicit language of the Federal Circuit's opinion—the Federal Circuit stated, "[t]he reasonable royalties award is not at issue on appeal." ECF 336 at 6 n.4.

Although Chilisin argues that Chilisin appealed Mr. Van Uden's application of the importation theory, and that the importation theory applied to lost profits and reasonable royalties, Chilisin's opening brief expressly narrowed the importation theory to lost profits. Chilisin's opening brief argued, "[a] lost profits theory cannot be based on unreliable expert testimony. . . Here, Cyntec's *lost profits theory* is improper because its expert used unreliable calculations for importation of accused products, and because Cyntec cannot show with reasonable certainty what

profits it lost." *Id* at 50 (emphasis added). Chilisin also argued that "Cyntec failed to perform an accurate recreation of the but-for market, its lost profits damages must be rejected, and the *lost profits* portion of the judgment should be vacated." *Id.* at 59 (emphasis added).

Moreover, the importation theory's possible application to reasonable royalties did not, by itself, sufficiently raise the issue of reasonable royalties before the Federal Circuit. *See In re Killian*, 45 F.4th 1373, 1387–86 (Fed. Cir. 2022) ("While Mr. Killian refers, rather obliquely, to fifty-five documents . . . Mr. Killian does not explain on appeal what specifically these fifty-five documents show, nor did he include them in the joint appendix . . . Mr. Killian forfeited any argument on appeal based on those fifty-five documents by failing to present anything more than a conclusory, skeletal argument."). As discussed above, Chilisin failed to mention reasonable royalties in its opening brief and effectively limited the Mr. Van Uden's importation theory to lost profits. *See Monsanto Co v. Bayer Bioscience*, 275 F. App'x. 992, 994 (Fed. Cir. 2008) ("In light of Bayer's failure to challenge the merits of the district court's inequitable conduct findings regarding these three patents, we therefore also affirmed the district court's inequitable conduct findings for these patents"); *Regents of University of New Mexico v. Knight*, 116 F. App'x. 258, 260–61 (Fed Cir. 2004) ("Scallen's claim that the clock was effectively turned back to the denial of his second motion to amend is incorrect because Scallen did not expressly argue, in his original appeal, that the denial of his second motion to amend was error. Thus, he cannot now challenge that decision.").

Accordingly, the Court grants Cyntec's motion for summary judgment and finds that Chilisin may not re-litigate the issue of reasonable royalties on remand. Chilisin waived the issue of reasonable royalties by failing to substantively develop its reasonable royalties argument before the Federal Circuit.

Because the Court finds that Chilisin waived the issue of reasonable royalties, the Court need not address Cyntec's argument that Chilisin is estopped from revisiting reasonable royalties. ECF 415 at 6.

### B. The Mandate Rule Precludes the Court's Review of Reasonable Royalties

The Court next considers whether the mandate rule precludes the Court's review of

reasonable royalties. Chilisin argues that, because Cyntec has not pursued lost profits on remand, the only way that the Court may enter a new damages judgment is to apply the jury's 5% reasonable royalty rate to Chilisin's direct sales, which would equal to $23,677. ECF 406 at 5. Cyntec argues that reasonable royalties is outside the scope of the Federal Circuit's mandate. ECF 410 at 6–9.

"The mandate rule provides that 'issues actually decided [on appeal]—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration.'" *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed.Cir.1999). Unless remanded by the court of appeal, all issues within the scope of the appealed judgment are deemed "incorporated within the mandate and thus precluded from further adjudication." *Engel Indus.*, 166 F.3d at1383. A contrary holding would allow appellants to present appeals in a "piecemeal and repeated fashion," and would lead to the "untenable result that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." *Id.* at 1382.

Because Chilisin failed to challenge, and therefore waived, the issue of reasonably royalties on appeal is necessarily "deemed incorporated within the mandate . . . [and the issue is] precluded from further adjudication." *Engel Indus.*, 166 F.3d at 1383; *see also Retractable Technologies, Inc. v. Becton Dickinson and Co.*, 757 F.3d 1366, 1372 (Fed. Cir. 2014) ("The damages award was within the scope of the appealed judgment and thus was incorporated into the mandate when Becton failed to raise the issue of a remand to consider parsing damages by product.").

*Tronzo v. Biomet, Inc.* is instructive. In *Tronzo*, "[t]he jury awarded Dr. Tronzo compensatory damages of $3,805,000, which the district court enhanced by $1,902,500 based on the verdict of willful infringement, and punitive damages of $20,000,000." 318 F.3d 1378. "On appeal [the Federal Circuit] affirmed the verdicts of liability as to the tort claims, but ruled that Dr. Tronzo's patent was invalid, and remanded for recomputation of compensatory damages. The award of punitive damages was not appealed." *Id.* On remand, the district court recalculated

compensatory damages *and* reduced the punitive damages award. *Id*. The Federal Circuit "affirmed the reduced compensatory damages but reversed the reduction in punitive damages, holding that in disturbing the unappealed punitive award, the district court exceeded its mandate on remand." *Id*. Similar to the punitive damages award in *Tronzo*, disturbing the unappealed reasonable royalty award here will exceed the mandate of the Federal Circuit because Chilisin waived the issue of reasonable royalties before the Federal Circuit. *See generally* ECF 409-2. Because Chilisin failed to challenge reasonable royalties before the Federal Circuit, reasonable royalties became part of the Federal Circuit's mandate. *See Amado*, 517 F.3d at 1360 ("Because Microsoft failed to challenge that grant, it became a part of our mandate . . . the mandate rule operates as a bar to the district court's reconsideration of the initial issuance of the injunction.").

Accordingly, the Court denies Chilisin's motion for summary judgment to the extent Chilisin requests that the Court enter a new damages judgment of $23,677.

### C. An Accounting for Post-Verdict Damages is Premature

Chilisin argues the Court should grant summary judgment that Cyntec is not entitled to an accounting for additional damages for the time period of Q3 2021 to Q1 2026. ECF 406 at 10. Cyntec argues that it is entitled to an accounting for post-trial damages. ECF 410 at 10.

The Court finds that an accounting at this stage of the litigation is premature. As Chilisin concedes, "an accounting generally only occurs after the upcoming trial and if the patents in-suit are confirmed valid." ECF 412 at 7. The remaining issue of nonobviousness may render the patents invalid. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1347 (Fed. Cir. 2012) ("A patent is invalid as obvious 'if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.'") (quoting 35 U.S.C. § 103(a)). Cyntec also concedes that an accounting following the remand trial is the appropriate time to assess the extent of renewed infringement and Cyntec's compensation. ECF 410 at 12; *id*. at 15 ("Because the remand jury will not address damages, and because an accounting is reserved for the Court after trial, the issue is properly deferred."). Because the Federal Circuit vacated the

damages award, no valid damages verdict exists. *See Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012) ("While we would normally direct an accounting of damages flowing from post-verdict and pre-judgment infringement, our decision to vacate the damages award and order a new trial would make such an accounting premature."). Accordingly, the Court denies Chilisin's motion for summary judgment to the extent that Chilisin requests that the Court grant summary judgment that Cyntec is not entitled to additional damages for the time period of Q3 2021 to Q1 2026. After re-trial, and at the parties' request, the Court shall revisit the issue of accounting.

## IV. CONCLUSION

For the reasons stated below, the Court GRANTS Cyntec's motion for summary judgment and finds that Chilisin waived, and therefore may not re-litigate, the issue of reasonable royalties on remand.

The Court DENIES Chilisin's motion for summary judgment to the extent Chilisin requests that the Court enter an amount of damages for Chilisin's adjudged infringement of $23,677. The Court also DENIES Chilisin's motion for summary judgment to the extent that Chilisin requests that the Court grant summary judgment that Cyntec is not entitled to additional damages for the time period of Q3 2021 to Q1 2026.

IT IS SO ORDERED.

Dated: November 7, 2025

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California