UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTEC COMPANY, LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>CHILISIN ELECTRONICS CORP., et al.,<br><br>        Defendants. | Case No. 18-cv-00939-TLT<br><br>**ORDER GRANTING CYNTEC'S MOTION TO EXCLUDE; GRANTING IN PART AND DENYING IN PART CHILISIN'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS**<br><br>Re: Dkt. Nos. 408, 417 |

Following remand from the Federal Circuit, both Cyntec Company, Ltd ("Cyntec") and Defendants Chilisin Electronics Corp. and Chilisin America Ltd.'s (collectively, "Chilisin") agreed that no further expert discovery is needed. ECF 353. Despite these representations, which were promised over one and a half years ago, the parties find themselves grappling with expert discovery.

Pending before the Court are Cyntec's motion to exclude the opinions of John C. Bravman, ECF 408, and Chilisin's motion to strike supplemental expert reports, ECF 417. Given that the parties have submitted their motions on the papers, the Court, in its discretion, determines that the motions are suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** Cyntec's motion to exclude the opinions of John C. Bravman and **GRANTS IN PART AND DENIES IN PART** Chilisin's motion to strike supplemental expert reports.

I.  **BACKGROUND**

The Court has set out the factual and procedural background of this case in its prior Order

Denying Chilisin's Motion for Summary Judgment and Granting Cyntec's Motion for Summary Judgment. ECF 433. The Court assumes the parties' familiarity with this case's factual and procedural background and only cites such background to the extent it is necessary for this Order.

Cyntec, a Taiwanese corporation that manufactures power chokes, alleged that Chilisin infringed on Cyntec's patents. ECF 1. During the parties' first trial, and before Chilisin cross-examined Cyntec's technical expert, "Cyntec moved for JMOL of nonobviousness, arguing that Shafer and Nakamura were missing claim elements . . . and that Chilisin 'cannot meet [the] clear and convincing evidence standard as to why [Shafer and Nakamura] would be combined[.]" ECF 336 at 5. Judge Hamilton granted Cyntec's JMOL motion. *Id*. On September 1, 2021, a jury found that Chilisin willfully infringed on Cyntec's patents and awarded Cyntec $1,552,493 in lost profits and a 5% reasonable royalty rate equaling $320,463 in damages. ECF 269 at 5.

On October 16, 2023, the Federal Circuit "reverse[d] the district court's judgment as a matter of law for nonobviousness and the district court's denial of Chilisin's motion to exclude Mr. Van Uden's damages expert testimony." ECF 336 at 18. The Federal Circuit held that, although obviousness is a legal question, there were underlying factual disputes that should have been given to the jury:

> Chilisin presented the jury with evidence that would have allowed it to reasonably find the asserted claims obvious in view of Shafer and Nakamura. For example, the jury heard expert testimony that Nakamura discloses embodiments of electronic devices having two magnetic powders in which the mean particle diameter of the first magnetic powder is larger than the mean particle diameter of the second magnetic powder, and the hardness of the first magnetic powder is harder than that of the second magnetic powder . . . The jury also heard expert testimony that a skilled artisan would have been motivated to improve the performance of Shafer—a prior art reference that discloses an inductor with a wound coil buried in a mixture of a first powdered iron and "a second powdered iron . . . Taken together and drawing all reasonable inferences in Chilisin's favor, this evidence is enough for a reasonable jury to have found that the asserted claims would have been obvious.

*Id*. at 7–8 (internal quotation marks omitted). The Federal Circuit was "not convinced that Chilisin's evidence was so meritless as to warrant judgment as a matter of law. . . a reasonable

1  jury could have found the asserted claims obvious in view of Shafer as modified by Nakamura."
2  *Id.* at 9.
3        After remand, on November 28, 2023, the was reassigned to the undersigned Judge. ECF
4  341. On February 8, 2024, during a case management conference, the parties agreed that no
5  further expert discovery is necessary. ECF 353. Based on the parties' representations regarding
6  expert discovery, on February 9, 2024, the Court issued a Case Management and Scheduling
7  Order that set a fact discovery cut-off date of June 28, 2024; no expert discovery deadline; pretrial
8  conference for February 2, 2026; and trial for March 2, 2026. ECF 354.
9        More than a year after the Court issued the Case Management and Scheduling Order,
10 Cyntec served Chilisin with Dr. Kohl's supplemental expert report on July 28, 2025. ECF 417-1 ¶
11 3. On August 13, 2025, Cyntec served Chilisin with Mr. Van Uden's third supplemental expert
12 report and produced new financial data. *Id.* ¶ 5. On August 22, 2025, Cyntec served Chilisin with
13 Mr. Van Uden's served a revised third supplemental expert. *Id.*
14       On August 25, 2025, Cyntec and Chilisin filed cross motions for summary judgment. *See*
15 ECF 406; ECF 407.
16       On September 2, 2025, Cyntec filed a motion to exclude the opinions of Dr. John C.
17 Bravman. ECF 408. On September 16, 2026, Chilisin filed an opposition. ECF 413. On
18 September 23, 2025, Cyntec filed a reply. ECF 416.
19       On September 24, 2025, Chilisin filed a motion to strike supplemental expert reports. ECF
20 417. On October 8, 2025, Cyntec filed an opposition. ECF 419. On October 15, 2025, Chilisin
21 filed a reply.
22       On October 28, 2025, the Court heard oral argument on the parties' cross motions for
23 summary judgment. ECF 428. The parties provided the Court with demonstrative slides. *See*
24 ECF 427; ECF 430. During oral argument, the parties agreed that the Court may take the parties'
25 pending motion to exclude, ECF 408, and motion to strike, ECF 417, under submission. *Id.*
26 Accordingly, the Court took ECF 408 and ECF 417 under submission. *Id.*
27       On November 10, 2025, the Court denied Chilisin's motion for summary judgment and
28 granted Cyntec's motion for summary judgment. ECF 433.

## II. CYNTEC'S DAUBERT MOTION TO EXCLUDE DR. BRAVMAN'S OPINIONS

Cyntec seeks to exclude the opinion of Chilisin's expert, John C. Bravman. ECF 408. Cyntec argues that it (A) brings a timely *Daubert* motion, and Dr. Bravman' opinions are (B) unreliable and (C) outside the scope of remand. *See id.*; ECF 416.

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In determining whether the requirements of Rule 702 are met, courts follow the approach set forth in in *Daubert v. Merrell Dow Pharms., Inc.*:

> [T]he trial judge must determine . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

509 U.S. 579, 590 (1993).

The "scientific knowledge" requirement concerns the reliability of an expert's opinion and can met by "[e]stablishing that an expert's proffered testimony grows out of pre-litigation research or that the expert's research has been subjected to peer review." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995); *see Kumho Tire Co., Ltd v. Carmichael*, 26 U.S. 137, 147 (1999) ("[T]he Rule applies its reliability standard to all 'scientific,' 'technical,' or 'other specialized' matters within its scope."). The second requirement, that an expert will "assist the trier of fact to understand or determine a fact in issue," "means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (internal quotation omitted).

4

### A. Cyntec's *Daubert* Motion to Exclude is Timely

As a preliminary matter, Chilisin argues that Cyntec's *Daubert* motion to exclude Dr. Bravman's opinions is untimely and procedurally improper because Cyntec did not file its motion before the parties' first trial, and Cyntec does not provide good cause to modify the original *Daubert* deadline. ECF 413 at 2–3. Cyntec argues the Court set a new *Daubert* deadline following remand and the Court may consider *Daubert* motions before a retrial. ECF416 at 3.

The Court finds that Cyntec's *Daubert* motion to exclude Dr. Bravman's opinions is timely and procedurally proper. The Court declines Chilisin's invitation to set aside the Court's gatekeeping duties under *Daubert* and Rule 702. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846, 2018 WL 1586276, at *2 (N.D. Cal. Apr. 2, 2018) ("When considering expert testimony offered pursuant to Rule 702, the trial court acts as a gatekeeper by making a preliminary determination that the expert's testimony is reliable.") (internal quotations omitted). In recognition of its gatekeeping responsibilities, the Court set a deadline of January 16, 2026, for the parties' deadline to file pretrial objections, including *Daubert* motions. ECF 354. Cyntec's motion to exclude Dr. Bravman's opinions was filed on September 2, 2025, which is before the Court's January 16, 2026 deadline and therefore timely. ECF 408.

Accordingly, the Court finds that Cyntec's *Daubert* motion to exclude Dr. Bravman's opinions is timely and procedurally proper.

### B. Dr. Bravman May Not Reliably Opine on Ultimate Question of Obviousness

Cyntec argues that Dr. Bravman's opinion on the ultimate question of obviousness is unreliable because Dr. Bravman's report fails to address *Graham*'s fourth factor of objective indicia of non-obviousness, which includes commercial success, long-felt need, failure of others, unexpected results, and copying. ECF 408 at 2. Chilisin argues that Dr. Bravman's opinion does not ignore the fourth *Graham* factor because his report recognizes that objective indicia are part of the obviousness inquiry. ECF 413 at 3. According to Chilisin, Dr. Bravman confirmed that objective factors should be considered in the obviousness analysis. *Id*.

"The question of reliability probes 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Murray v. Southern Route Maritime SA*, 870 F.3d 915, 923 (9th

Cir. 2017) (quoting *Daubert*, 509 U.S. at 593–94). "To give shape to the inquiry, the Court identified four factors that may bear on the analysis: (1) whether the theory can be and has been tested, (2) whether the theory has been peer reviewed and published, (3) what the theory's known or potential error rate is, and (4) whether the theory enjoys general acceptance in the applicable scientific community." *Id*. The applicability of each of these factors "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co*., 526 U.S. at 150. "A district court may permissibly choose not to examine factors that are not 'reasonable measures of reliability in a particular case.'" *Murray*, 870 F.3d at 922 (quoting *Kumho*, 526 U.S. at 153).

Here, Dr. Bravman's opinion is on the issue of obviousness. ECF 409-1. "Under 35 U.S.C. § 103, a patent claim is invalid as obvious 'if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.'" *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1008 (N.D. Cal. 2019) (quoting *Intercontinental Great Brands LLC v. Kellogg N. Am. Co*., 869 F.3d 1336, 1343 (Fed. Cir. 2017)). The issue of obviousness involves the following factual questions: "(1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the pertinent art; and (4) any relevant secondary considerations (i.e., objective indicia of non-obviousness) — often referred to as the *Graham* factors" *Id*. (cleaned up). The fourth question of objective indicia of non-obviousness involves consideration of the following factors: "commercial success, long felt but unsolved needs, [and] failure of others[.]" *Illumina, Inc. v. BGI Genomics Co., Ltd*., Nos. 19-cv-3770; 20-cv-1465, 2022 WL 899421, at *3 (N.D. Cal. Mar. 27, 2022) (internal quotations omitted). "While the sequence of these questions might be reordered in any particular case, the factors continue to define the inquiry that controls. If a court, or patent examiner, conducts this analysis and concludes the claimed subject matter was obvious, the claim is invalid under § 103." *KSR Intern Co. v. Teleflex Inc.*, 550 U.S. 398, 407 (2007).

Chilisin does not dispute that Dr. Bravman's report does not specifically address

1  commercial long-felt need, failure of others, unexpected results, and copying. ECF 413; *see*
2  *generally* ECF 409-1. Although Chilisin relies on Dr. Bravman's deposition to argue that he
3  considered the objective indicia factors, the Federal Circuit has expressed doubt on Chilisin's
4  approach. *See Inline Plastics Corp. v. Cacerta*, 97 F.4th 889, 900 (Fed. Cir. 2024) ("[T]he district
5  court concluded, based on Dr. MacLean's deposition, that there was sufficient record evidence . . .
6  the district court should consider anew whether Dr. MacLean should be limited to testifying only
7  about the first three *Graham* factors. . .rather than the ultimate question of obviousness."). The
8  Court agrees that Dr. Bravman cannot testify to the ultimate question of obviousness because his
9  report does not address commercial success, long-felt need, failure of others, unexpected results,
10 and copying. *Compare with InTouch Tech.. v. VGOs Commc'n, Inc.*, 751 F.3d 1327, 1352 n.8
11 (Fed. Fir. 2014) ("[W]here, as here, an expert purports to testify, not just to certain factual
12 components underlying the obviousness inquiry, but to the ultimate question of obviousness, the
13 expert must consider all factors relevant to that ultimate question.").
14      Accordingly, the Court grants Cyntec's *Daubert* motion to exclude Dr. Bravman from
15 testifying on the ultimate issue of obviousness.

   **C.   Dr. Bravman's References to Secondary References Shall be Limited**

17     Cyntec argues that Dr. Bravman's opinion should be excluded to the extent he seeks to
18 opine on issues beyond the single obviousness theory remanded by the Federal Circuit – Shafer
19 combined with Nakamura. ECF 408 at 3. Chilisin argues that Dr. Bravman will rely on Shafer
20 combined with Nakamura as its primary invalidity references, but Dr. Bravman should be able to
21 discuss other prior art references that explain the technology, confirm what was well known in the
22 art at the time, and illustrate the understanding of a skilled artisan. ECF 413 at 6.
23     "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection
24 to the pertinent inquiry." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969
25 (9th Cir. 2013) (quoting *Primiano*, 598 F.3d at 565). "Challenges that go to the weight of the
26 evidence are within the province of a fact finder, not a trial court judge. A district court should not
27 make credibility determinations that are reserved for the jury." *City of Pomona v. SQMN. Am.*
28 *Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

1  Here, the Federal Circuit explicitly held that the district court erred in granting JMOL on obviousness because Chilisin presented the jury with evidence that would have allowed the jury to reasonably find the asserted claims obvious in view of Shafer and Nakamura. ECF 336 at 8. The Federal Circuit concluded that, "given the evidence identified above, a reasonable jury could have found the asserted claims obvious in view of Shafer as modified by Nakamura." *Id*. at 9. Because the parties agree that Dr. Bravman's opinion will not refer to primary invalidity references beyond Shafer and Nakamura, the Court finds that Dr. Bravman may opine on primary invalidity references of Shafer and Nakamura. However, Dr. Bravman may refer to other art references "to illustrate what was already known in the art, and why a skilled artisan would have been motivated to combine Shafer with Nakamura." ECF 413 at 8.

Accordingly, the Court grants Cyntec's *Daubert* motion to the extent Cyntec moves to limit Dr. Bravman's primary invalidity references to Shafer and Nakamura.

### III. CHILISIN'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS

Chilisin argues that Dr. Kohl's and Mr. Van Uden's supplemental reports violate Rule 26 and, therefore, must be stricken under Rule 37. ECF 417 at 3. Cyntec argues that Rule 37 does not apply. ECF 419 at 6–8.

Pursuant to Rule 26(e)(2), "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The Court has 'particularly wide latitude ... to issue sanctions under Rule 37(c)(1).'" *Plexxikon v. Novartis*, No. 17-cv-4405, 2021 WL 2577536, at *3 (N.D. Cal. June 23, 2021) (internal quotations omitted).

The Court considers (A) whether Cyntec failed to comply with Rule 26 and, if so, (B) whether the failure to comply was justified or harmless. *See Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19-cv-4238, 2021 WL 2197954, at *7 (N.D. Cal. June 1, 2021) ("Rule 37 provides that a

party's *failure* to comply with its Rule 26(e)(1) obligation must result in that party being precluded from the 'use [of] that information . . . to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'") (quoting Fed. R. Civ. P. 37(c)(1)).

### A. Dr. Kohl's and Mr. Van Uden's Supplemental Expert Reports are Improper Under Rule 26 and Neither Justified Nor Harmless Under Rule 37

Chilisin argues that Cyntec failed to timely serve Dr. Kohl's and Mr. Van Uden's supplemental expert reports. ECF 423 at 3–5. Cyntec argues that both (i) Dr. Kohl's and (ii) Mr. Van Uden's reports were proper. ECF 419 at 1, 6–7.

"Disclosure of expert opinions must be made at the times and in the sequence that the court orders." *Hawks Hill Ranch, LLC v. Yarak*, No. 22-cv-1567, 2024 WL 1421265, at *1 (N.D. Cal. Apr. 2, 2024) (citing Fed. R. Civ. P. 26(a)(2)(D)). Pursuant to Rule 26(e), "parties have a duty to supplement or correct an expert report if they learn the report is incomplete or incorrect in some material respect" and "must be made 'in a timely manner' no later than the deadline for pretrial disclosures." *Id*. "Supplementing or correcting these disclosures promptly is therefore required under that Rule without the need for a request from the opposing party or an order from the court." *Proofpoint*, 2021 WL 2197954, at *7.

#### i. Dr. Kohl's and Mr. Van Uden's Supplemental Expert Reports are Improper Under Rule 26

a. Dr. Kohl's Attempt to Strengthen His Original Rebuttal Report is Improper under Rule 26

Cyntec argues that Dr. Kohl's supplemental expert report does not contain new opinions and only addresses relevant facts that arose after the first trial. ECF 419 at 3, 7. Cyntec asserts that Cyntec provided notice of introducing the reexamination facts back in December 2023. *Id*. at 5. Chilisin argues that, although Cyntec originally submitted Shafer to the PTO office, Cyntec did not provide the Patent office with necessary information to assess Shafer. ECF 423 at 2. Chilisin also argues that Dr. Kohl's supplemental reports provide new opinions that the reexamination confirms that the asserted patents are not obvious. *Id*. at 3, 4–5.

Before the parties' first trial, Dr. Kohl provided an expert report to rebut the opinion of Chilisin's expert, Dr. Bravman. ECF 417-2 ¶ 853. Although Dr. Kohl's supplemental expert

9

report states that his "opinions have not changed from [his] Rebuttal Report[,]" the report attempts to strengthen Dr. Kohl's rebuttal report by providing a "further response to Dr. Bravman's Opening Report that accounts for new facts about the Asserted Patents and Asserted Claims that did not exist when [Dr. Kohl] served [his] Rebuttal Report." *Id*. ¶ 855; *see id*. ¶ 859 ("[I]t is my opinion that Dr. Bravman's Opening Report fails to demonstrate that any Asserted Claim of the Asserted Patents is invalid." Rule 26(e), however, does not permit supplemental reports intended to strengthen or deepen the expert's original report. *See Rovid v. Graco Children's Products Inc*., No. 17-cv-1506, 2018 WL 5906075, at * 11 (N.D. Cal. Nov. 9, 2018) ("That is not the proper use of Rule 26(e). That is because the supplemental report attempts to strengthen or deepen opinions in light of the expert's opponent's challenges to the analysis and conclusions therein.") (cleaned up). Dr. Kohl's attempt to strengthen his argument that Dr. Bravman's Opening Report "[f]ails to demonstrate that any Asserted Claim of the Asserted Patents is invalid," *Id*. ¶ 859, is therefore improper under Rule 26. *See Luke v. Family Care and Urgent Medical Clinics*, 323 F.App'x. 496, 500 (9th Cir. 2009) ("Nor does Rule 26(e) create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed."). Indeed, "a supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of supplementation and subject to exclusion under Rule 37(c)." *Jarrow Formulas, Inc. v. Now Health Group, Inc.,* No. 10-cv-8301, 2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012).

Accordingly, the Court finds that Dr. Kohl's supplemental report violates Rule 26.

b. Mr. Van Uden's Supplemental Expert Report is Untimely Under Rule 26

Cyntec argues the parties reached an agreement that the parties will provide financial data when available, and that the financial experts can update the calculations in their reports ahead of trial. ECF 419 at 1, 6. According to Cyntec, Mr. Van Uden did not change an opinion in his supplemental expert report, and it is common practice to permit supplemental reports prior to trial. *Id*. at 7. Chilisin argues that the alleged agreement was for Chilisin, not Cyntec, to supplement

1    certain sales data, and for Cyntec to provide updated damages calculations based on Chilisin data.
2    ECF 423 at 1.  Chilisin also argues that any agreement between the parties in 2021 was superseded
3    by the parties' most recent agreement that there be no new expert discovery on remand.  *Id*. at 2,
4    4–5.

5          The Court finds that Mr. Van Uden's third supplemental reports were untimely under Rule
6    26.  To the extent Cyntec cites the parties' 2021 agreement to justify Mr. Van Uden's
7    supplemental expert reports, the agreement is not dispositive because the parties disagree on the
8    scope of their agreement. *Compare* ECF 419 at 1 ("[T]he parties reached an agreement that
9    financial data would be updated when available, and the financial experts could subsequently
10   update the calculations in their reports accordingly.") *with* ECF 423 at 1 ("[T]he document Cyntec
11   refers to reflects an agreement that *Chilisin* (not Cyntec) would supplement certain sales data, and
12   Cyntec would provide updated damages calculations based on that data.") *and* ECF 423 at 4
13   ("Cyntec misstates that agreement.").  Moreover, even if there was a 2021 agreement, the parties
14   have, following remand, consistently agreed that the no further expert discovery is needed.  *See*
15   ECF 353; ECF 392.  Because of the parties' representations about expert discovery, the Court
16   explicitly recognized that "[b]oth parties agree no further expert discovery is necessary" during a
17   February 8, 2024 case management conference.  ECF 353.  Neither party disputed the Court's
18   finding since that February 8, 2024 case management conference.

19         Notably, Mr. Van Uden's supplemental expert reports were served more than *one year and*
20   *six months* after the February 8, 2024 case management conference.  However, "under Rule 26, a
21   party must 'make expert disclosures at the times and in the sequence that the court orders.'"  *See*
22   *Werdebaugh*, No. 12-cv-2724, 2014 WL 7148923, at *6 (N.D. Cal. Dec. 15, 2014) (quoting
23   *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)).  The Court
24   finds that the approximate one year and six months disclosure is untimely under Rule 26.  *See id*,
25   2014 WL 7148923, at *7 (finding supplemental report served more than a month after the close of
26   expert disclosure was untimely); *In re Xyrem (Sodium Antitrust Litig.)*, No. 20-md-2966, 2024 WL
27   4789136, at *2 (N.D. Cal. Nov. 14, 2024) ("Defendants' complaint that the supplementation is
28   untimely because it was proffered three months after the data was produced is not devoid of

11

merit.").

Accordingly, the Court finds that Mr. Van Uden's third supplemental reports were untimely under Rule 26.

### ii. Dr. Kohl's and Mr. Van Uden's Supplemental Expert Reports are Neither Justified Nor Harmless Under Rule 37

Having found that Dr. Kohl's and Mr. Van Uden's supplemental reports violated rule 26, the Court next considers whether the violation was substantially justified or harmless. *See Proofpoint,* 2021 WL 2197954, at *7 ("Rule 37 provides that a party's failure to comply with its Rule 26(e)(1) obligation must result in that party being precluded from the 'use [of] that information . . .to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'") (internal quotations omitted).

In deciding whether an untimely expert report is harmless or justified, the Court may consider (a) prejudice or surprise to the party against whom the evidence is offered; (b) the ability of that party to cure the prejudice; (c) the likelihood of disruption of the trial; (d) bad faith or willfulness involved in not timely disclosing the evidence; and (e) importance of the evidence. *Plexxikon Inc., v. Novartis Pharmaceuticals Corp*., No. 17-cv-4405, 2021 WL 2577536, at *3 (N.D. Cal. June 23, 2021); *see also Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-cv-2450, 2023 WL 3919469, at *33 (N.D. Cal. 2023). "As the late disclosing party, [Cyntec] bear[s] the burden to establish justification and harmlessness." *Hawks Hill Ranch, LLC v. Yarak*, No. 22-cv-1567, 2024 WL 1421265 (N.D. Cal. Apr. 2, 2024); *see also* Rovid, 2018 WL 5906075, at *10 ("The court finds that defendants have shown that Leshner's rebuttal report violated Rule 26 by untimely disclosing new expert testimony. The burden thus shifts to plaintiffs to show that the violation was substantially justified or harmless.")

a. The Supplemental Reports Result in Prejudice and Surprise.

Cyntec argues that there is no prejudice or surprise to Chilisin because Cyntec initiated or made the disclosures nearly two years ago. ECF 419 at 12–13. Cyntec also argues that Mr. Van Uden's report is consistent with information that has been previously supplemented. *Id*. at 13. Chilisin argues that Cyntec served its supplemental expert reports without warning, and that

12

Chilisin will need to take additional fact discovery on the new facts and evidence. ECF 417 at 3–4. Chilisin asserts that it will also need to depose Cyntec's experts on their new opinions and prepare responsive expert reports. *Id*.

The Court finds that the prejudice and surprise factor weighs in favor of striking Cyntec's expert reports. Following remand, Cyntec has consistently agreed that expert discovery is not needed. *See* ECF 353; ECF 392. Cyntec's conduct thus gave rise to a "reliance interest" for Chilisin. *Gamevice, Inc. v. Nintendo Co.*, No. 18-cv-01942-, 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019). Allowing supplemental expert reports at this stage of the litigation, where Cyntec had more than a year since the Court's Case Management Scheduling Order to supplement its expert reports, would be "an unfair bait and switch." *See id*. ("Gamevice affirmatively indicated during fact discovery that it did not view these requests as being limited . . . then after the deadline to move to compel expired, it changed its interpretation and, on that ground, refused to supplement."). Cyntec has left Chilisin with little to no time to depose Mr. Van Uden and Dr. Kohl or take additional discovery. *See Plexxikon*, 2021 WL 2577536 at *6 ("Plaintiff left Defendant no time to depose Dr. Leonard about his new opinions or to provide a rebuttal report from Defendant's own damages expert. Although trial was later continued several more times due to COVID-19, this additional time did not liberate the parties to reopen discovery.").

Accordingly, the Court finds that the prejudice or surprise factor weighs in favor of striking Cyntec's supplemental expert reports.

### b. The Ability to Cure is Limited.

Cyntec argues that Cyntec offered compromises to mitigate any prejudice, including being amenable to permitting a deposition of Mr. Van Uden. ECF 419 at 14. Chilisin argues that the Rule 26 violations cannot be cured by depositions because there is no time to reopen discovery to determine how each of the products were identified or were manufactured. ECF 423 at 8. Chilisin argues that any delay will increase costs substantially. *Id*.

The Court agrees that "[t]his close to trial, [Chilisin] little ability to cure the prejudice, and the likelihood of disruption at trial is high." *Munro v. University of Southern California*, No. 16-cv-6191, 2023 WL 2558415, at *2 (C.D. Cal. Jan. 19, 2023). A pretrial conference is set for

13

February 2, 2026, which is less than three months from the date of this order.  ECF 354.  Trial is less than four months away.  *See Proofpoint*, 2021 WL 21979954, at *7 ("Because Defendants needed to formulate and disclose their theories and contentions in a timely manner, their failure to do so until after the close of fact discovery impeded Plaintiffs' ability to conduct fact discovery on the undisclosed theories, allegations, and evidence."); *Hawks Hill*, 2024 WL 1421265, at *3 ("Yaraks do not explain how Reidl's late rebuttal report can be cured . . . Expert discovery is closed and Hawks Hill's dispositive motion is fully briefed.")

Accordingly, the Court finds that the ability to cure factor weighs in favor of striking Cyntec's supplemental expert reports.

          c.    There is a High Likelihood of Disruption to Upcoming Trial.

Cyntec argues that short depositions on the supplemental reports will not affect the pretrial schedule.  ECF 419 at 14.  Chilisin argues that there is no time to conduct additional discovery, supplement reports, and depose experts while maintaining the March 2, 2026 trial date.  ECF 417 at 4. Chilisin also argues that Chilisin agreed to forego new expert discovery because Cyntec did not supplement its discovery responses, and, following remand, Chilisin only request discovery that was relevant to Cyntec's request for injunctive relief.  ECF 423 at 9.

As discussed above, trial is less than four months away.  ECF 354.  If Cyntec's supplemental report were allowed, Chilisin "will need to respond with another report, and then another round of expert depositions will be required."  *Sun Microsystems, Inc. v. Network Appliance, Inc.*, No. 07-cv-5488, at *3 (N.D. Cal. Mar. 22, 2010).  The likelihood of disruption to trial is high and not harmless.  *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties in that manner is not harmless.").

Accordingly, the Court finds that the disruption to trial factor weighs in favor of striking Cyntec's supplemental expert reports.

          d.    The Current Record Does Not Demonstrate that Cyntec Acted in Bad Faith.

Cyntec argues that it did not act in bad faith and that there was no violation of a rule or Order.  ECF 419 at 5. Cyntec argues that it disclosed its reliance on the PTO reexamination results

in 2023, and evidence of the reexamination can be admitted through Dr. Kohl, a stipulation, or judicial notice. *Id*.  Chilisin argues that Cyntec has no good explanation for why it did not raise its new reports sooner, and the decision to provide late disclosures is evidence of bad faith.  ECF 417 at 4.

Based on the record before the Court, the Court does not find that Cyntec acted in bad faith.  *See Plexxikon*, 2021 WL 2577536, at *6 ("Perhaps Plaintiff only belatedly realized its oversight . . . But a party that plays fast and loose with its damages theories risks having its whole theory struck, as well as additional sanctions.") (cleaned up).  However, "a finding of bad faith is not a necessary prerequisite to imposing sanctions for violations of Rule 37(c)(1)."  *Proofpoint*, 2021 WL 2197954, at *7; *see Yeti by Molly*, 259 F.3d at 1106 ("[E]ven though Deckers never violated an explicit court order to produce the Vuckovich report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).")

Accordingly, the Court finds that the explanation and good faith factor is neutral in whether to strike Cyntec's supplemental expert reports.

> e. The Importance of Evidence Factor Weighs Against Exclusion But is Not So Clear as to Override other Rule 37 Factors.

Cyntec argues that the Court should not strike the reports because the reports are central to Cyntec's defenses against Chilisin's invalidity challenge to Cyntec's Patents-in-Suit.  ECF 419 at 9–11.  Chilisin argues that the supplemental reports are not critical to the case.  ECF 423 at 5–6.

The Court finds that, even if this factor "weigh against exclusion . . . it is not so clear as to override the other factors."  *United States v. North East Medical Services*, No. 10-cv-1904, 2014 WL 7208627, at *7 (N.D. Cal. Dec. 17, 2014).  Although Cyntec argues that Mr. Van Uden's report demonstrates commercial success, commercial success is not dispositive of the obviousness inquiry. *See Asia Vital Components Co.*, 377 F. Supp. 3d 990 at 1008 (listing factors for obviousness inquiry).  Regarding Dr. Kohl's supplemental report, although the PTO's reexamination results may be relevant, the results themselves may not compel a different result. *See Convolve, Inc. v. Compaq Computer Corp*., 812 F.3d 1313, 1325 (Fed. Cir. 2016) ("The

15

1    prosecution history of the 2008 reexamination—a 'highly influential' piece of evidence in the
2    intervening rights inquiry. . .does not compel a different result"). To the extent Cyntec argues that
3    the jury must consider evidence in the PTO's determinations, "[c]ourts have upheld the use of the
4    [Rule 37] sanction even when a litigant's entire cause of action or defense has been precluded."
5    *Yeti by Molly*, 259 F.3d at 1106.

6    Accordingly, the Court finds that the importance of the evidence factor weighs against
7    exclusion but is not so clear as to override the other Rule 37 factors.

*   *   *

9    Having considered the available record before the Court, the Court finds that Dr. Kohl's
10   July 28, 2025, supplemental report and Mr. Van Uden's August 13, 2025 and August 22, 2025
11   third supplemental reports violate Rule 26. After considering the Rule 37 factors, the Court also
12   finds that Cyntec's untimely disclosures are neither harmless nor justified. Accordingly, the Court
13   grants Chilisin's motion to strike Dr. Kohl's and Mr. Van Uden's supplemental reports pursuant to
14   Rule 37.

### B. The Court Need Not Consider Whether to Strike Dr. Kohl's and Mr. Van Uden's Supplemental Expert Reports Pursuant to Rule 16

Chilisin that the Court may strike Dr. Kohl's and Mr. Van Uden's supplemental reports
under Rule 16. ECF 417 at 3. Cyntec argues that Rule 16 does not apply because "Chilisin does
not identify what deadline Cyntec supposedly failed to meet." ECF 419 at 6 n.4.

Because the Court strikes Dr. Kohl's and Mr. Van Uden's supplemental reports pursuant to
Rule 37, the Court need not consider whether to strike the supplemental reports under Rule 16.
*See Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have broad
discretion to manage discovery and to control the course of litigation under Federal Rule of Civil
Procedure 16.") (internal quotations omitted).

Accordingly, the Court DENIES Chilisin's motion to strike Dr. Kohl's and Mr. Van Uden's
supplemental reports under Rule 16.

### IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Cyntec's *Daubert* motion to exclude Dr.

16

Bravman from testifying on the ultimate issue of obviousness. The Court also GRANTS Cyntec's motion to the extent Cyntec moves to limit Dr. Bravman's primary invalidity references to Shafer and Nakamura. However, Dr. Bravman may refer to other art references to illustrate what was already known in the art, and why a skilled artisan would have been motivated to combine Shafer with Nakamura.

The Court also **GRANTS** Chilisin's motion to strike Dr. Kohl's and Mr. Van Uden's supplemental expert reports pursuant to Rule 37. Dr. Kohl's and Mr. Van Uden's supplemental expert reports violate Rule 26, and Cyntec fails to show that the late disclosure was harmless or justified. The Court **DENIES** Chilisin's motion to strike Dr. Kohl's and Mr. Van Uden's supplemental expert reports pursuant to Rule 16.

IT IS SO ORDERED.

Dated: November 21, 2025

TRINA L. THOMPSON
United States District Judge