UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTEC COMPANY, LTD., | Case No.  18-cv-00939-TLT |
| Plaintiff, | |
| v. | **ORDER DENYING IN PART AND GRANTING IN PART CYNTEC'S MOTION REQUESTING JUDICIAL NOTICE; DENYING CHILISIN'S REQUEST FOR JUDICIAL NOTICE AS MOOT** |
| CHILISIN ELECTRONICS CORP., et al., | |
| Defendants. | |

Re: Dkt. Nos. 452, 471

Pending before the Court are Cyntec's motion requesting judicial notice and Chilisin's conditional cross-motion for judicial notice.  *See* ECF 452; ECF 471.  Having carefully considered the parties' briefs, the relevant case law, and for the reasons below, the Court **DENIES IN PART AND GRANTS IN PART** Cyntec's motion requesting judicial notice and **DENIES AS MOOT** Chilisin's conditional cross motion for judicial notice.

## I.   BACKGROUND

The Court has set out the factual background of this case in its prior Order.  ECF 433.  The Court assumes the parties' familiarity with this case's factual background and only cites such background to the extent it is necessary for this Order.

This case is a patent case involving two technology companies and two patents involving chokes, which are a type of inductor.  ECF 465.  Following a remand from the Federal Circuit, trial is set to begin on March 2, 2026.  ECF 354.  Trial is limited to the issue of whether Cyntec's patents were obvious in view of Shafer as modified by Nakamura.  ECF 336 at 9, 18.

On January 12, 2026, Cyntec filed a motion requesting judicial notice of certain exhibits during trial.  ECF 452.  On January 26, 2026, Chilisin filed an opposition to Cyntec's motion,

which contained a conditional cross motion for judicial notice.  ECF 471.  On February 2, 2026, Cyntec filed a reply.  ECF 480.

## II.    LEGAL STANDARD

"The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may "consider materials that are submitted with and attached to the Complaint. [The Court] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

"An instruction regarding judicial notice should be given at the time notice is taken. In a civil case, the Federal Rules of Evidence permit the judge to determine that a fact is sufficiently undisputed to be judicially noticed and requires that the jury be instructed that it is required to accept that fact."  Comment to Ninth Cir. Civ. Jury Instruction 2.4 (citing Fed. R. Evid. 201(f)).

## III.    DISCUSSION

Before the Court are (A) Cyntec's requests for judicial notice and (B) Chilisin's conditional cross-motion for judicial notice.  *See* ECF 452; ECF 471.

### A.    The Court Denies in Part and Grants in Part Cyntec's Motion Requesting Judicial Notice

Cyntec requests that the Court take judicial notice of (i) the Patents-in-Suit and their USPTO records and (ii) a list of Chilisin's infringing products.  ECF 452.

#### i.    The Court Denies in Part and Grants in Part Cyntec's Motion Requesting Judicial Notice of Patents-in-Suit and USPTO Records

Cyntec requests that the Court take judicial notice of the Patents-in-Suit and USPTO records, including the prosecution histories and reexamination file histories.  ECF 452 at 13–10. Chilisin argues that Cyntec seeks juridical notice of the Patents-in-Suit for the improper purpose of resolving issues related to obviousness.  ECF 471 at 3–4.

The Court declines Cyntec's invitation to use judicial notice as an avenue to admit over

United States District Court
Northern District of California

United States District Court
Northern District of California

4,000 pages of documents for the jury's review during the upcoming trial. *See* ECF 452-2–ECF 452-13; *see also Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145–46 (N.D. Cal. Apr. 7, 2020) ("[D]umping large swaths of material into a request for judicial notice has become commonplace. This catch-all approach to requesting judicial notice, however, is not consistent with the law's requirements."). To the extent Cyntec seeks to admit the Patents-in-Suit as self-authenticating evidence, Cyntec should have filed an appropriate motion in limine. *See United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009) ("A motion in limine is a procedural mechanism . . .[that] gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury."). Cyntec, however, did not and instead chose to file a motion requesting judicial notice. *See* ECF 444–48. Therefore, the Court considers the law of judicial notice and Federal Rule of Evidence 201 in deciding this motion.

In general, the Patents-in-Suit and USPTO records are judicially noticeable because the records contain publicly available materials. *See Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145–46 (N.D. Cal. Apr. 7, 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."). However, "[w]hile the USPTO records may be subject to judicial notice, they are noticeable only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates." *Zero Motorcycles, Inc. v. Zero Labs Group, LLC*, No. 22-cv-4034, 2023 WL 3237505, at *3 (N.D. Cal. May 3, 2023) (quoting *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014)); *see also Morton & Bassett, LLC v. Organic Spices, Inc.*, No. 15-cv-1849, 2016 WL 4608213, at *4 (N.D. Cal. Sept. 6, 2016) ("The Court takes judicial notice of the various USPTO records as materials made publicly available by a governmental entity on its website, but 'only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates.'") (internal citations omitted). Any reference to a fact that is subject to reasonable dispute would be improper. *See Morton & Bassett*, 2016 WL 4608213 at *4 ("Under the doctrine of judicial notice, however, courts are permitted to establish and rely on "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

United States District Court
Northern District of California

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (citing Fed. R. Evid. 201(b)).

Accordingly, the Court denies Cyntec's motion requesting judicial notice to the extent Cyntec seeks to admit the entire Patents-in-Suit and USPTO records for the jury's review. However, the Court grants Cyntec's motion requesting judicial notice for the limited purpose of demonstrating that certain filings and actions occurred on specific dates.

### ii.    The Court Denies Cyntec's Motion Requesting Judicial Notice of a List of Chilisin Accused Products

Cyntec argues that the Court should take judicial notice of a list that identifies 310 Chilisin infringing products, which was provided to the jury in the first trial.  ECF 452 at 10–11.  Chilisin argues that the Court should not take judicial notice of the list because the list contains products that were accused, not adjudicated, as infringing.  ECF 471 at 10.

The Court agrees that judicial notice of Cyntec's proposed list would not be appropriate. Although Cyntec describes the list as one that refers to Chilisin's products that have been found to be infringing, Cyntec proposed list is titled "List of Chilisin *Accused* Products" and lists 310 *accused* products.  ECF 452-12 (emphasis added).  Cyntec's proposed list, therefore, contains matters that are subject to reasonable dispute.  *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of *undisputed* matters of public record ... including documents on file in federal or state courts.") (emphasis added).  Moreover, although Cyntec argues that "the products on the stipulated list were adjudicated to infringe the Asserted Claims" and necessarily "establish[] [a] nexus for those products without requiring cumulative proof," Cyntec fails to explain how a list of *accused* infringing products are relevant to the issue of obviousness.  *See Valentine v. Jackson*, No. 15-cv-9011, 2017 WL 11628118, at *3 (C.D. Cal. Mar. 16, 2017) ("The court 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

Accordingly, the Court denies Cyntec's motion requesting judicial notice of a List of

United States District Court
Northern District of California

Chilisin Accused Products.

**B.     Chilisin's Conditional Cross-Motion for Judicial Notice**

If the Court were to grant Cyntec's motion request for judicial notice, Chilisin requests that the Court take judicial notice of (i) the Federal Circuit's decision and (ii) a list of Cyntec's embodying parts.  *See* ECF 471 at 11.

**i.     The Court Denies as Moot Chilisin's Federal Circuit's Decision**

Chilisin argues that the Court should take judicial notice of the Federal Circuit's decision if the Court allows Cyntec to discuss the reexaminations and the weight that the examinations should be given.  ECF 471 at 11.

Because the Court denies Cyntec's request to take judicial notice of the entire Patents-in-Suit and USPTO record, and limits judicial notice to the fact that certain filings and actions occurred on specific dates, the Court denies as moot Chilisin's request to take judicial notice of the Federal Circuit's decision.  Judicial notice of disputed facts, including the alleged weight that certain evidence was given, is improper.

**ii.    Chilisin's Request for Judicial Notice of a List of Cyntec's Embodying Parts is Denied as Moot**

Chilisin argues that, if the Court takes judicial notice of Chilisin's accused parts, the Court should take judicial notice of a list of Cyntec's embodying parts.  ECF 471 at 11.

Because the Court denies Cyntec's motion requesting judicial notice of Chilisin's accused parts, the Court need not consider whether the Court should take judicial notice of a list of Cyntec's embodying parts.

Accordingly, the Court denies as moot Chilisin's request for judicial notice of Cyntec's embodying parts.

**IV.    CONCLUSION**

The Court **DENIES** Cyntec's motion requesting judicial notice to the extent Cyntec seeks to admit the entire Patents-in-Suit and USPTO records for the jury's review.  However, the Court **GRANTS** Cyntec's motion requesting judicial notice to the extent Cyntec seeks judicial notice of the fact that certain filings and actions occurred on specific dates.

5

The Court **DENIES** Cyntec's motion requesting judicial notice to the extent Cyntec seeks to refer to a "List of Chilisin Accused Products."

The Court **DENIES AS MOOT** Chilisin's request for judicial notice of Cyntec's embodying parts.

The Court **DENIES AS MOOT** Chilisin's request for judicial notice of the Federal Circuit decision.

The parties are hereby **ORDERED** to review Ninth Circuit Civil Model Jury Instruction 2.4 and provide the Court with a proposed jury instruction that is consistent with this Order.  The parties must file their proposed jury instruction by February 17, 2026.  The parties must also provide the Court with a word-file of the proposed jury instruction at the time of filing.

This Order resolves ECF 452 and ECF 471.

IT IS SO ORDERED.

Dated: February 12, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

6