United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTEC COMPANY, LTD.,
Plaintiff,

v.

CHILISIN ELECTRONICS CORP. and CHILISIN AMERICA LTD.,
Defendants.

Case No. 18-cv-00939-TLT

**TENTATIVE RULING FOR MOTIONS ECF 559, 560, 599 AND SUPPLEMENTAL QUESTIONS FOR HEARING:**
**MOTION FOR RELIEF FROM PRIOR JUDGMENTS UNDER RULE 60**

Re: Dkt. Nos. 559, 560, 599

## I. AGREEMENT PROVISIONS

The pending Rule 60 motion turns, in part, on the meaning and effect of provisions in agreements between Cyntec and Apple (i.e., the 2014 Agreement, 2017 Agreement, and 2025 Agreement).

The 2014 Agreement's Section 10.2(b), entitled 'License,' provides in relevant part that

> "Supplier grants to Apple a non-exclusive, irrevocable, royalty-free, perpetual, worldwide license under all Intellectual Property Rights in such Suppler Technology to make, have made (provided the rights to make or have made are limited to fulfill the rights in Section 2.5(d) above), use, sell, offer to sell, import."

The 2017 Agreement's Section 13.2(b), entitled 'License,' provides in relevant part that

> Company (referring to Cyntec and other Delta entities in the preamble) grants Apple the same verbatim license "(i) to us, sell, offer to sell, import [] any Apple products or services."

Section 13.2(c), entitled 'Second Source License,' also provides in relevant part that

> the Company grants Apple the same verbatim license "with the right to sublicense [] to: make, have made, [] import [] Apple products."

Section 13.2(e), entitled 'Non-Assert,' provides that

> the Company "covenants not to assert [] any claims for infringement of any Intellectual Property Rights against Apple's direct or indirect customers, partners, consultants, independent contractors, resellers, distributors, or suppliers, but only for products [] provided [] for

> Apple."

In Section 13.3.(d),

> the Company "shall not use [] any [Apple's g]oods [] for the purpose of [] identifying or providing evidence to support any potential patent infringement claim against [] Apple's direct or indirect suppliers."

## II. DISCOVERY DISPUTE

"Chilisin never pled any affirmative defenses [] such as implied license." ECF 608 at 7. Although "Discoverable information today is mainly electronic," Guidelines for the Discovery of Electronically Stored Information ¶ 1.01., parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Cyntec represents that, using the search term provided by Chilisin—"[PATENTS-IN-SUIT] AND (licens! OR agree! OR ceas! OR desist OR Royalt! OR valu!)"—Cyntec provided responsive, discoverable information, and the supply agreement (i.e., Agreements here) was not found because it does not exclusively include Patents-in-Suit. ECF 608 at 8.

## III. TENTATIVE OBSERVATIONS AND RULINGS

The following observations and rulings are tentative and are not adopted as a final ruling or the final determination of the pending motions. *See Reaves v. Ainsworth*, 219 U.S. 296, 300 (1911); *Forlenza v. Dynakor Pharmacal, LLC*, No. CV 09-3730 AG (SSX), 2011 WL 13268848, at *1 (C.D. Cal. Jan. 10, 2011). The Court will consider the parties' responses to the supplemental questions below and the arguments presented at the September 15, 2026 hearing before issuing the final order.

1. The Court tentatively finds that the 2017 Agreement may be relevant because it was in effect during at least part of the asserted infringement period at issue. Cyntec was not a party to the 2025 Agreement.
2. Although the Agreements are supply agreements and were not identified with the search term, the Court tentatively concludes that the failure to find them is due to the parties' lack



United States District Court
Northern District of California

of sufficient diligence.

3. For the purpose of post-trial damage calculation, the Court tentatively finds that the 2017 Agreement may preclude Cyntec from recovering damages from Chilisin to the extent Chilisin establishes that the accused products were supplied for Apple and that Chilisin falls within the category of persons or entities protected by the relevant license, non-assert, or other provision. *See also* ECF 376 at 8 (in denying motion for preliminary injunction, the Court finds that "Apple has a provision that Cyntec cannot sue its competitors.").

4. The Court tentatively declines to find that this is an exceptional case warranting a finding of unclean hands or sanctions. The parties appear to have relied substantially on ESI searches, yet they did not identify the Agreements during discovery in this action. The record also indicates that the Agreements were produced or available in the separate malpractice action, subject to a protective order. The Court previously noted that permitting production of the Agreement was not relevant to the then-pending trial on obviousness but could be relevant to damages. *See* ECF 385 at 5.

5. The Court tentatively finds that Chilisin fails to provide clear and convincing evidence that Patents-in-Suit were obvious under 35 U.S.C. § 103 and fails to meet its burden that no reasonable jury could have found otherwise. Hence, a new trial may not be warranted.

Accordingly, the Court tentatively **GRANTS IN PART** the Motion for Relief from Prior Judgment Under Rule 60. ECF 599. The Court tentatively concludes that Cyntec may not recover damages from Chilisin for accused products shown to have been supplied for Apple, subject to further determination. ECF 599.

The Court tentatively **DENIES** the Motion for Finding Unclean Hands and sanctions, the Motion for Judgment as a Matter of Law, and the Motion for a New Trial. *Id.*, ECF 559, 560.

Chilisin indicates that the Motion for Relief from Prior Judgments under Rule 60 focuses on the agreements with Apple, notwithstanding the existence of common customers to the parties, including Microsoft and Xiaomi, that have license rights to Cyntec's patents. ECF 599 at 6. To the extent the instant tentative Order applies squarely to those common customers, Chilisin shall present it in the upcoming post-trial set for December 7–8, 2026.



United States District Court
Northern District of California

## IV. SUPPLEMENTAL QUESTIONS FOR SEPTEMBER 15, 2026 HEARING

### A. Agreement

Cyntec claims that "the 2014 Agreement had already expired at the time Cyntec filed its Complaint on February 14, 2018." ECF 608 at 3. The 2017 Agreement "expressly noted and superseded the 2014" Agreement. ECF 599 at 3. The Court observes that the 2025 Agreement "supersedes" the 2017 Agreement but did not identify Cyntec on its face as a "Company."

**[TO BOTH PARTIES]**

1) The Court tentatively views the 2017 Agreement as directly relevant to the Rule 60 motion because it appears to have been operative during the infringement period. Otherwise, explain briefly.

2) In light of the provisions in the 2017 Agreement, including Section 13.2(b),(c),(e), and 13.3(d), the Court tentatively views that the 2017 Agreement, despite being named as a supply agreement, is relevant to the patent infringement claims and post-trial damages issues. Otherwise, explain briefly.

"Chilisin does not sell parts directly to Apple. It instead sells parts to companies that manufacture devices for Apple—companies such as." (omitted on purpose). ECF 614 at 7. Cyntec claims that Chilisin is not a third-party beneficiary of the 2017 Agreement because the 2017 Agreement states: "except as expressly provided in this paragraph, no other third party is intended to be or shall be, a third party beneficiary of this Agreement." However, the immediately preceding sentence states: "The Parties agree that this Agreement confers benefits on each Authorized Purchaser and/or Related Entity of Apple [] and accordingly each Authorized Purchaser and/or Related Entity of Apple [] is intended by the Parties to be, and shall be, a third party beneficiary of this Agreement with, subject to Apple[]'s written consent, the right to enforce its terms and conditions directly against Supplier on behalf of Apple or on behalf of itself."

**[TO BOTH PARTIES]**

3) The Court reads that these two sentences should be harmonized. Explain concisely whether Chilisin can be a third-party beneficiary in light of these two sentences.



United States District Court
Northern District of California

**[TO DEFENDANT]**

4) Cyntec contends that the have-made rights in the Agreements do not support Chilisin's position. ECF 608 at 16–17. Explain why have-made rights do not preclude Chilisin's position.

**B. Malpractice**

Chilisin's current counsel "in this patent case never made any appearance in the malpractice action, and never received any document productions made in that action." ECF 599 at 8. The 2014 Agreement "remained sealed and subject to protective order in that case, which restricted its use in other proceedings." *Id.*

**[TO BOTH PARTIES]**

1) Confirm whether the malpractice action relates only to the 2014 Agreement, not the 2017 Agreement or 2025 Agreement.

**[TO DEFENDANT]**

2) Describe concisely, with citations to the record in this action, Chilisin's efforts to obtain the Agreements.

3) While the Court acknowledges the protective order in the malpractice case, the Court doubts that it can serve as a blanket mechanism to block discovery of relevant information in a different case. Please provide any binding legal authority supporting or opposing the Court's view.

The Court invites the parties to succinctly respond in writing to the above-listed questions. The written responses shall **not exceed 5 pages**. Each response shall contain binding authority from either the Federal Circuit or the United States Supreme Court. All other citations will be considered persuasive authority. Responses shall be filed no later than <u>September 8, 2026, at 4 p.m.</u>

//

//

United States District Court
Northern District of California

United States District Court
Northern District of California

During the hearing scheduled for September 15, 2026, at 10 a.m. [in person], each side shall have a total of 45 minutes and 15 minutes for rebuttal.

IT IS SO ORDERED.

Dated: September 1, 2026

TRINA L. THOMPSON
United States District Judge