JAMES C. YOON (State Bar No. 177155)
jyoon@wsgr.com
CHRISTOPHER D. MAYS (State Bar No. 266510)
cmays@wsgr.com
JEFFREY M. NALL (State Bar No. 340675)
jnall@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

LUCY YEN (State Bar No. 224559)
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
31 West 52nd Street, Fifth Floor
New York, New York 10019-6118
Telephone: (212) 999-5800
Facsimile: (866) 974-7329

CELINE LIU (State Bar No. 268990)
celine.liu@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 791-8800
Facsimile: (650) 493-6811

*Attorneys for Plaintiff*
*CYNTEC COMPANY, LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CYNTEC COMPANY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>CHILISIN ELECTRONICS CORP. and CHILISIN AMERICA LTD.,<br><br>Defendants. | Case No.: 3:18-cv-00939-TLT<br><br>**PLAINTIFF CYNTEC COMPANY, LTD.'S RESPONSE TO THE COURT'S DKT. 631 TENTATIVE RULING**<br><br>**PUBLIC VERSION**<br><br>Bench Trial: Sep. 14-15, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 9, 19th Floor<br>Judge: Hon. Trina L. Thompson |

## I. RULE 26 RELEVANCE DOES NOT ESTABLISH RULE 60 RELIEF

In connection with this ***post-trial phase***, Cyntec does not dispute that the [redacted] Agreement may be relevant in the broad discovery sense.[1] Indeed, Cyntec did not resist discovery into the 2017 Agreement during this post-trial phase. *See* Dkt. 550 at 5 (proposing that "discovery on the [redacted] Supply Agreement occur as part of a bilateral discovery period").

However, Rule 60 requires substantially more. Under Rule 60(b)(2), Chilisin must demonstrate that it could not have uncovered the [redacted] Agreements despite ***reasonable diligence***,[2] and those agreements were of such magnitude that earlier production would have changed the disposition. Dkt. 606-3 at 14 (citing controlling 9th Cir. authorities); *see also Amado v. Microsoft Corp.*, 517 F.3d 1353, 1357 (Fed. Cir. 2008) (Rule 60(b) rulings are reviewed under the law of the regional circuit). Under Rule 60(b)(3), Chilisin must prove by ***clear and convincing evidence*** that any alleged misconduct prevented Chilisin from fully and fairly presenting its case. Dkt. 606-3 at 14. And Rule 60(d)(3) requires the still more demanding showing of fraud directed at the judicial process itself. *Id.* at 14-15. Chilisin has not made any of these showings and is not even permitted to use Rule 60 to challenge Judge Hamilton's order which they never appealed.

As demonstrated below, [redacted] Despite its burden of proof, there has also been no proof from Chilisin that any particular sales transactions are tied to chokes that were manufactured "[redacted]" Chilisin has argued just the opposite, urging that the entire proposition is unprovable, representing that "***no party in this case*** knows exactly which third-party products contain [Chilisin's] chokes," and successfully challenging as "speculative" and "unreliable" Cyntec's methodology for identifying imported sales associated with end customers like [redacted] Dkt. 608-11 at 3; Dkt. 336 at 18.

### A. [redacted]

[1] The [redacted] Agreements were not relevant in the original or remand trials. Despite the requirement under FED. R. CIV. P. 8, Chilisin never pled or maintained license defense.

[2] Cyntec addressed Chilisin's failure to exercise reasonable diligence in its Opposition Brief. *See* Dkt. 606-3 at 18-20.

[redacted]

[redacted] Nor does Chilisin contend that it received such a direct license from Cyntec. Instead, Chilisin argues that [redacted] own limited license to import and sell certain [redacted] products eliminates the predicate direct infringement necessary for Chilisin's inducement liability. Reply at 4-5. But Chilisin raised the prospect of a license-based defense after the first trial (*see* Dkt. 303); Judge Hamilton rejected its request to reopen discovery to pursue that theory as lacking diligence; and Chilisin never appealed that ruling. *See* Dkt. 409-2. Rule 60 does not provide a second opportunity to obtain relief from a ruling Chilisin chose not to challenge on direct appeal. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (affirming denial of Rule 60(b) motion where movant made "voluntary, conscious election not to appeal," since "calculated, deliberate choices are not to be relieved from under Fed. R. Civ. P. 60(b)") (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

In any event, [redacted], which is indisputably not at issue here. [redacted], and no relevant [redacted] has ever been identified. [redacted] However, Chilisin has never advanced any [redacted]-based sublicense theory, and has not identified any [redacted]

[redacted]

As a preliminary matter, [redacted]

---

[3] [redacted] Agreement at 18 (emphasis added).

[redacted] *Second*, [redacted] and not Chilisin's infringing chokes. *Third*, although it includes a [redacted] a possible right to sublicense is not enough. License defenses—which are not even pled here—turn on the scope of the authorization actually granted. *See Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 826-28 (Fed. Cir. 1991); *Armstrong Pump, Inc. v. Hartman*, 745 F. Supp. 2d 227, 233 (W.D.N.Y. 2010). Chilisin therefore had to identify the sublicense granted by [redacted] and prove its terms.

As supposed evidence that [redacted] actually exercised that right, Chilisin points to [redacted] Reply at 6 (claiming that [redacted] and citing ***only*** [redacted] as support). However, [redacted] at 15 (emphasis added). Tellingly, Chilisin never identifies any instance—in [redacted] or otherwise—where the Asserted patents (or any Cyntec technology) were ever identified or [redacted] Nor does Chilisin explain how an alleged right to sublicense flowing from [redacted] could have been exercised in 2016 before the [redacted] existence.

[redacted] does not support any damages exclusion. [redacted] Chilisin therefore must prove, for each damages exclusion it seeks, that the associated chokes fall within that clause, *i.e.*, were [redacted] All Chilisin offers, however, is generalized evidence that [redacted] was an indirect customer and Chilisin's chokes may have been placed into [redacted] That is not enough in this case. Indeed, Chilisin has consistently maintained that such generalized customer evidence is insufficient (Dkt. 608-11 at 3), and it has prevailed on the Federal Circuit to adopt this position. Dkt. 336 at 18.

In its Reply Brief, Chilisin has judicial estoppel backwards. Having successfully challenged Cyntec's evidence of U.S. importation of Chilisin chokes as unreliable and speculative, Chilisin cannot now insist that the same record establishes which [redacted]-specific transactions qualify for protection under the [redacted] Agreement. Before the Federal Circuit, Chilisin attacked the same [redacted]-related evidence on which it now relies, arguing that "***no party*** in this case knows exactly which third-party products contain accused chokes" and that there was no reliable way to determine how many infringing chokes entered the United States through downstream products. Dkt. 409-2 at 52 (emphasis added). The Federal Circuit granted Chilisin's challenge to Cyntec's importation methodology and vacated the sole damages award appealed. Dkt. 336 at 18. Chilisin cannot now repurpose the same customer codes, certifications, and expert testimony to contend that they conclusively establish the particular [redacted]-related transactions it bears the burden to prove. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

[redacted] And Chilisin lacks any contractual right to enforce the provision. *See infra* § II.

Nor has Chilisin established a violation. [redacted]. Chilisin identifies [redacted]-related agreements, certifications, testimony concerning [redacted] sales, and physical samples without establishing that each falls within one of these enumerated categories. Reply at 8. The fact that the [redacted] provided pursuant to the [redacted] Agreement. Chilisin also does not show that testimony regarding [redacted] sales or Chilisin's own documents are contractually restricted, nor that the demonstratives Mr. Wu displayed at trial qualified as "[redacted]" under the [redacted] Agreement. In any event, Chilisin does not show that exclusion of any item would have changed any judgment.

## II. CHILISIN IS NOT A THIRD-PARTY BENEFICIARY

Chilisin expressly disclaims relying on third-party beneficiary status. Its Reply says the issue is “irrelevant because Chilisin is not claiming rights that flow from a status as a third-party beneficiary.” Reply at 6. Chilisin’s concession is necessitated by the [redacted] Agreement, which expressly identifies who may enforce it as a third-party beneficiary: [redacted] Agreement at 22. [redacted] *Id.* The two sentences are readily harmonized: the first creates a narrow exception granting beneficiary rights to [redacted] Chilisin is neither. [redacted]

Chilisin does not qualify as [redacted] because that term means “[redacted] and “[redacted] means [redacted] *Id.* at 17. [redacted]; Chilisin was, at most, a separate [redacted] supplier. Nor is Chilisin a “[redacted]” The Agreement defines [redacted]” as [redacted]. *Id.* at 19.

## III. ONLY THE 2014 AGREEMENT WAS PRODUCED IN THE MALPRACTICE ACTION, BUT CHILISIN’S MALPRACTICE THEORY WAS BROADER

Although Chilisin’s Reply states that only the [redacted] Agreement was produced in the malpractice action, Chilisin’s malpractice theory was broader. Chilisin alleged that component suppliers like Cyntec enter into supply agreements with companies such as [redacted], that Chilisin itself granted [redacted] a patent license in its own [redacted] supply agreement, and that Steptoe nevertheless failed to seek supply agreements and pursue license and exhaustion defenses. Dkt. 608-2 at 6 (“failure to obtain Cyntec’s supply agreement**s** with customers such as [redacted]”); *also* Dkt. 608-12. Thus, the relevance of the malpractice complaint has nothing to do with which [redacted] Agreements were produced before it was settled, but rather Chilisin’s own allegations showing that its theory that the supply agreements contain certain licenses was known and available to Chilisin long before the present Rule 60 motion. Chilisin failed to exercise reasonable diligence.

Dated: September 8, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Lucy Yen*
Lucy Yen
E-mail: lyen@wsgr.com

*Attorney for Plaintiff*
*CYNTEC COMPANY, LTD.*