United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTEC COMPANY, LTD.,

Plaintiff,

v.

CHILISIN ELECTRONICS CORP. and CHILISIN AMERICA LTD.,

Defendants.

Case No. 18-cv-00939-TLT

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 21, 2026 ORDER; AWARDING DEFENDANTS ATTORNEYS' FEES AND EXPENSES FROM NOVEMBER 11, 2021 THROUGH SEPTEMBER 19, 2026; AND REFERRING IDENTIFIED COUNSEL TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT AND TO THE STATE BAR OF CALIFORNIA**

Re: Dkt. Nos. 667

Plaintiff Cyntec Company, Ltd. ("Cyntec") moves for leave to file a motion for reconsideration of the Court's September 21, 2026 Order, ECF 661. ECF 667. On September 29, 2026, the Court ordered Defendants Chilisin Electronics Corp. and Chilisin America Ltd. (collectively, "Chilisin[1]") to file a response to the motion and Cyntec to file a reply in support of the motion. ECF 668. This motion is fully briefed. ECF 672, 675.

The September 21, 2026 Order granted Chilisin's motion for relief under Rule 60, found unclean hands, and imposed sanctions under Rule 37(c)(1). ECF 661. The Court directed Cyntec to compensate Chilisin for attorneys' fees and expenses incurred from November 2021 forward and directed Chilisin to provide detailed billing records and a supporting declaration. *Id.* The Court also ordered Cyntec to show cause why identified attorneys should not be referred to the Standing Committee on Professional Conduct and/or to the State Bar of California. *Id.*

[1] Despite Chilisin Electronics Corp. being the only surviving entity, the Court will continue to refer to Defendants collectively as "Chilisin".

On October 5, 2026, Chilisin's counsel, Jonathan Lamberson, submitted a declaration identifying fees and expenses incurred from November 11, 2021, through September 19, 2026. ECF 670-1. Cyntec submitted its response to the order to show cause and a supporting declaration from James C. Yoon. ECF 674, 674-2.

Having considered the submissions and the record, the Court denies Cyntec's motion for leave to file a motion for reconsideration, awards Chilisin $5,657,792.26 in attorneys' fees and expenses, and refers the five attorneys identified below to the Court's Standing Committee on Professional Conduct and to the State Bar of California.

## I. LEGAL STANDARD

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is generally limited to situations involving "new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Id.* This district requires the moving party specifically to show reasonable diligence in bringing the motion and one of the following grounds: (1) a material difference in fact or law from that presented before entry of the interlocutory order, which the moving party did not know despite reasonable diligence; (2) the emergence of new material facts or a change in law after entry of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. Civ. L.R. 7-9(b). In bringing the motion, the moving party is prohibited from repeating arguments previously made. Civ. L.R. 7-9(c).

"Even if the court grants a party leave to file a motion for reconsideration, these motions are disfavored and rarely granted." *Costa v. Postmates Inc.*, No. 19-cv-03046-JST, 2020 WL 13526733, at *2 (N.D. Cal. June 26, 2020) (citation and internal quotation marks omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Stromberg v. Ocwen Loan Servicing, LLC*, No. 15-cv-04719-JST, 2017 WL 3727233, at *1 (N.D. Cal. Aug. 30, 2017) (quoting *Kona Enters., Inc v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "[M]ere disagreement with a court's order does not provide a basis for reconsideration." *Maynard v. United Servs. Auto. Ass'n Fed. Sav. Bank*, No.

21-cv-04519-JSW, 2022 WL 4126272, at *4 (N.D. Cal. Sept. 9, 2022)

## II. DENIAL OF LEAVE TO SEEK RECONSIDERATION

The Court reiterates the express findings of its September 21, 2026 Order[2]:

1. Three agreements exist between Cyntec and Apple, Inc. ("Apple"), either directly or through its parent company Delta Electronics, Inc. ("Delta"), namely the "2014 Agreement," the "2017 Agreement," and the "2025 Agreement". ECF 599-2, 599-3, 599-5.

2. Cyntec's President, Ted Shyy, signed the 2014 Agreement as early as June 25, 2014; Johnson Lee, Delta's then-President and COO, signed the 2017 Agreement around March 2017; Simon Chang, Delta's then-President and COO, signed the 2025 Agreement on February 14, 2025. ECF 599-2 at 19, ECF 599-3 at 17, ECF 599-5 at 46.

3. The Agreements contained a covenant not to assert infringement claims against Apple's direct or indirect suppliers for products provided for Apple. Consequently, the covenant extended to Chilisin for products within that scope. ECF 599-3 at 12–13, §§ 13.2(b), (e).

4. However, Cyntec used sales of the covered goods to seek lost-profits damages and used Apple confidential information in support of its infringement case against Chilisin.

5. Before the first trial, Chilisin's then-counsel sought information concerning Cyntec's licenses through requests for production, an interrogatory, and Rule 30(b)(6) testimony.

6. In response to Request for Production No. 33, Cyntec stated that it did not have a copy of a license to the patents-in-suit "after investigation." ECF 292-3 at 18.

7. Cyntec did not identify an agreement with Apple in response to Interrogatory No. 7, which requested identification of agreements transferring or providing intellectual-property rights. ECF 292-5 at 9.

8. In response to Request for Production No. 44 regarding all agreements relating to the Field with any third party or related entity, Cyntec stated that it had "not located any additional documents responsive to this Request after a reasonable search beyond what Cyntec has already produced." ECF 292-4 at 8.

---

[2] Except for paragraphs 1 through 4, the remaining paragraphs 5 through 18 are arranged in chronological order.

9. Cyntec's corporate representative, Dan Wu, then-Assistant Vice President of the portable electronic business unit, testified in December 2019 that Cyntec had never licensed the Patents-in-Suit. ECF 291-5 at 159:18–160:7.

10. During the first post-trial proceedings, Chilisin's current counsel identified an October 24, 2018 email referencing a Master Development and Supply Agreement and sought reopening discovery for production of the agreement before Judge Hamilton. ECF 291-4 at 5–6, ECF 303.

11. Cyntec responded that it was "not withholding any agreement with Apple and has never done so." (emphasis added). ECF 303 at 5. "As Cyntec has repeatedly informed Chilisin, Cyntec previously searched for but never located such an agreement. Thus, even if an agreement between Cyntec and Apple existed, Cyntec cannot produce what it cannot find." *Id*. Cyntec further contended that "[e]ven if an agreement between Cyntec and Apple existed and could be located, it would be irrelevant." (emphasis added). *Id*.

12. Judge Hamilton issued an order denying the request to reopen discovery as untimely and based on Chilisin's lack of diligence in pursuing the issue before the first trial. ECF 304. Judge Hamilton credited that "Cyntec was unwilling to license patents-in-suit." ECF 317 at 20.

13. Following remand from the Federal Circuit, Chilisin again requested the agreement associated with the October 24, 2018 email. ECF 608-4 at 4, ECF 291-4 at 6.

14. In the April 2, 2024 discovery letter before Magistrate Judge Ryu, Cyntec described the email as involving Apple and Delta, relied on Judge Hamilton's order in paragraph 12, and repeated its position that "even if a Cyntec-Apple Agreement existed and could be located, it would be irrelevant." (emphasis added). ECF 367 at 4–5. Magistrate Judge Ryu denied the discovery request without prejudice, but credited that "Chilisin's motion to compel is no longer untimely." ECF 370 at 2; *see also* ECF 378.

15. Chilisin filed a motion for relief from Magistrate Judge Ryu's order before this Court. ECF 380. The Court denied the motion because the Court found that (1) Magistrate Judge Ryu's order was not clearly erroneous or contrary to law; (2) the requested production of the agreement was not proportional to the needs of the case for the second trial on obviousness; and (3) the burden or expense of producing the agreement outweighed its benefit, as "Cyntec argues

there is an issue with its access to the [agreement] because the agreement is between its parent company and Apple." ECF 385 at 6–7. Separately, the Court noted that production of the agreement could be relevant to damages. *Id*. at 5.

16. Cyntec's counsel claims through its declaration that the firm was first provided with a copy of the redacted 2014 Agreement by Apple's counsel on August 29, 2024.[3] ECF 608-1 ¶ 5.

17. On March 10, 2025, Cyntec's counsel filed a third-party motion to seal in the state court case between Chilisin and its then-counsel, where Apple was subpoenaed, seeking to seal several exhibits and explaining that Exhibits A and B should be sealed because they contain confidential business materials, including an agreement between Cyntec and a customer (emphasis added). ECF 599-8 at 10.

18. However, Cyntec stated in the March 16, 2026 joint case management statement, filed after the second trial, that "[a]lthough Cyntec has, to date, been unable to locate the Apple Supply Agreement, Cyntec is aware that a copy can be obtained from Apple." (emphasis added). ECF 550 at 6.

Upon consideration of Cyntec's motion and supporting materials, the Court finds that Cyntec has not established any of the grounds required by Civil Local Rule 7-9(b). Cyntec has not demonstrated a material difference in fact or law that it could not have known through reasonable diligence, new material facts arising after the September 21 order, or an intervening change in law. Nor has it established a manifest failure to consider material facts or dispositive legal arguments presented before entry of that order.

Accordingly, the Court DENIES Cyntec's motion for leave to file a motion for reconsideration.

## III. CHILISIN'S ATTORNEYS' FEES AND EXPENSES

Pursuant to the Court's September 21, 2026 Order, Chilisin filed a fee declaration covering the period from November 11, 2021, to September 19, 2026. ECF 670-1. Jonathan Lamberson has represented Chilisin continuously since September 28, 2021, and has served as billing partner

[3] This declaration is dated July 2, 2026, and submitted as part of Chilisin's motion for relief under Rule 60.

throughout that period. *Id.* ¶ 3. The billing information was obtained from White & Case's historical billing database. *Id.* ¶ 4. Mr. Lamberson requested the exclusion of fees and expenses unrelated to the litigation, including time spent on *ex parte* reexaminations filed with the U.S. Patent & Trademark Office, on preparing responses to client audit letters, and on time entries deemed confidential, privileged, or work product. *Id.* ¶ 5. The stated amounts and billing rates reflect discounts. *Id.* ¶ 10. From November 2021 through August 2023, Chilisin was billed on a fixed-fee basis, and the included entries were applied against revenue received from Chilisin and exclude written-off entries. *Id.* ¶ 11. The requested attorneys' fees and expenses total $4,977,902.65 and $679,889.61, respectively. *Id.* ¶¶ 12–13. The declaration also describes the timekeepers' qualifications and billing rates. *Id.* ¶ 14.

The Court finds that the amounts awarded are reasonable and, together with the records in this action and findings reflected in the September 21, 2026 Order and this Order, are sufficient to deter Cyntec from repeating the identified disclosure failures and to discourage comparable conduct by similarly situated litigants in the patent infringement actions.

Accordingly, the Court awards Chilisin $4,977,902.65 in attorneys' fees and $679,889.61 in expenses, for a total of $5,657,792.26. This award is imposed against Cyntec. Based on the findings in this action, including the September 21, 2026 Order and this Order, the Court is not interested in modifying the award.

## IV. REFERRALS TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT AND TO THE STATE BAR OF CALIFORNIA

Cyntec's counsel, James C. Yoon, submitted his declaration, identifying the attorneys of record and describing their roles in this action. ECF 674-2. Mr. Yoon is a Partner at Wilson Sonsini Goodrich & Rosati and identifies himself as both the Relationship Partner and Decision Making Partner at Wilson Sonsini Goodrich & Rosati since this action began. ECF 674-2 ¶ 110. He states that substantive discovery responses and filings required his approval. *Id.* ¶¶ 111–120.

Jennifer (Celine) Liu is a Senior Counsel at Wilson Sonsini Goodrich & Rosati, joined this action around November 2018 and assisted with client communications and interpretation, worked on multiple aspects of the case, participated in meet-and-confers, was shown the redacted

agreements in 2024, engaged with a third-party motion to seal in the Malpractice Case, and does not have independent decision-making authority. *Id.* ¶ 126, 599-8.

Albert Shih is a Former Associate at Wilson Sonsini Goodrich & Rosati, assisted with translation and client communications before departing around March 1, 2022, did not have decision-making authority, and signed the original discovery responses identified above. ECF 674-2 ¶¶ 111, 131; *supra* Section II; ECF 292-3, 292-4, 292-5.

Lucy Yen is a Partner at Wilson Sonsini Goodrich & Rosati, joined this action in March 2021, helped manage its day-to-day work, had no involvement in the original fact-discovery period, had not seen the agreements before they were provided to the firm in 2024, and engaged with Chilisin's counsel over discovery disputes and a third-party motion to seal in the Malpractice Case. ECF 674-2 ¶ 124; *see, e.g.*, ECF 571-3, 599-8.

Christopher Don Mays is Of Counsel at Wilson Sonsini Goodrich & Rosati, joined this action in Spring 2021, shortly before the first trial, assisted with day-to-day work and meet-and-confers, was shown the redacted agreements in 2024, declared that the firm was first provided with a copy of the redacted 2014 Agreement by Apple's counsel on August 29, 2024, and lacked independent decision-making authority. ECF 674-2 ¶ 125, ECF 608-1 ¶ 5.

Having considered the September 21 order, Cyntec's response to the order to show cause, Mr. Yoon's supporting declaration, and the individualized record findings stated above, the Court finds cause to refer James C. Yoon, Jennifer (Celine) Liu, Albert Shih, Lucy Yen, and Christopher Don Mays to the Standing Committee on Professional Conduct and to the State Bar of California. The referrals concern the alleged or suspected professional misconduct identified in the Court's findings. The Court makes no final finding that all five attorneys had the same responsibilities, knowledge, or involvement.

## V. CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

The Court **DENIES** Cyntec's motion for leave to file a motion for reconsideration of the Court's September 21, 2026 order.

The Court ORDERS Cyntec to compensate Chilisin for <u>$4,977,902.65</u> in attorneys' fees

and for $679,889.61 in expenses incurred from November 11, 2021 through September 19, 2026, for a total of $5,657,792.26.

The Court **REFERS** James C. Yoon, Jennifer (Celine) Liu, Albert Shih, Lucy Yen, and Christopher Don Mays to the Court's Standing Committee on Professional Conduct and to the State Bar of California.

The Court further **ORDERS** the parties to file a joint status report no later than 5:00 p.m. on October 30, 2026. *See* Fed. R. Civ. P. 1, Guidelines for Professional Conduct for the Northern District of California, Judge Trina L. Thompson's Standing Order on Civility and Professionalism, Cal. R. Prof. Conduct 3.1, 3.4, 8.4(d).

This Order resolves ECF 667.

IT IS SO ORDERED.

Dated: October 16, 2026

TRINA L. THOMPSON
United States District Judge